**Michael D. Harvey, Appellee, v. William McQuirk, Appellant.**

### Gen. No. 5348.

1. INSTRUCTIONS—*predicated upon evidence.* Instructions must be predicated upon some evidence in the cause.

2. INSTRUCTIONS—*directing attention to particular evidence.* An instruction should not single out particular evidence and specifically direct the attention of the jury to the same.

3. INSTRUCTIONS—*when error to refuse, having reference to ef-*

*fect of greater number of witnesses.* Where such an instruction is pertinent to the state of the case and is correct in form, it is error to refuse it.

Assumpsit. Appeal from the Circuit Court of Lee county; the Hon. R. S. FARRAND, Judge, presiding. Heard in this court at the April term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

GUNSALL & MIGHELL, HARRY EDWARDS, HENRY S. DIXON and GEORGE C. DIXON, for appellant.

BROOKS & BROOKS and JOHN E. ERWIN, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in assumpsit brought by appellee against appellant to recover half of the profits alleged to have been made by appellant on the purchase of a farm. A trial by jury resulted in a verdict and a judgment in favor of appellee for $1,250 from which this appeal is prosecuted.

Appellant and appellee are farmers. Appellee testified that in April, 1908, while appellant was on his way to town, he had a conversation with appellant on the road near appellee's farm; that appellee told appellant that he knew of a farm that could be bought cheap but he did not have money enough to handle it; that the farm consisted of 160 acres and could be bought for $23 an acre; that appellant said "You better take me in with you in this matter and let us buy the land together and we will divide the profits." "He says 'Will you do that' and I says 'I will do it' and he says 'Where is the land' and I says 'The O'Dell farm;'" that thereafter without any other consultation between the parties appellant bought the farm and afterwards sold it. The proof shows that appellant paid $3,900 for the land; afterwards he borrowed $4,500 by giving his note with a mortgage on the farm; that the title was imperfect and appellant had to pay out other sums in perfecting the title;

that he farmed the land one season but appears not to have made any profit, and that he afterwards traded the farm for town property with the result that appellant sustained a loss in the entire deal.

Appellant denied that he ever made any arrangement with appellee to join with him in buying the farm and to divide the profits. Appellee did not take any part in trading for the farm, advanced no money towards its purchase, assumed no liability and did not agree to share any loss. He never consulted with appellant about the farm after its purchase and does not appear to have had any interest in it until he brought this suit. The testimony and the actions of appellee are inconsistent.

The only proof that tends to show that there was any profit realized by appellant is the evidence of a witness, Charles Ross, who testified that he heard appellant say in a saloon ''I had a little land deal with a man living west of town. I cleaned up about $5,000 or $6,000.'' ''It's Mac Harvey.'' Appellant denied the conversation with Ross and denied being in the saloon. Appellant testified to the particulars of the trades arising out of the O'Dell farm transaction, and from the facts detailed it clearly appears that he made no profit in the deal. To sustain this judgment it must be shown by a preponderance of the evidence that he made a profit of $2,500 in the transaction. There is no evidence in the record which reasonably establishes any such profit.

Errors are assigned and argued on the giving and refusing of instructions. The fourth instruction given for the appellee informed the jury that the consideration mentioned in a deed made by appellant conveying the O'Dell farm was proper evidence to be considered by the jury. The deed mentioned was not offered in evidence. There was no evidence on which to base the instruction and it was error to give it. Had there been evidence on which to base the instruction, still an instruction should not single out

a particular deed from other deeds and thereby specially direct the attention of the jury to a particular part of the evidence, for this tends to mislead the jury into ignoring other evidence. Error is also assigned on other instructions that they assume that there was a profit, but as these objections will be avoided on another trial it is not necessary to discuss them.

The court refused an instruction offered by appellant informing the jury that if it believed from the evidence that the evidence of a smaller number of witnesses on one side is more credible and trustworthy than the evidence of a greater number on the other side then the evidence preponderates on the side of the smaller number of witnesses. The instruction is copied verbatim from St. L. & O. F. Ry. Co. v. Union Bank, 209 Ill. 457, where it is approved. Inasmuch as appellee called several witnesses in an attempt to corroborate his testimony, and had a greater number of witnesses than appellant, and the instruction announced a correct legal proposition, it was important and necessary that it should have been given, and its refusal was error.

The judgment is reversed, but as appellee may produce other evidence at another trial the cause is remanded.

*Reversed and remanded.*