## Michael D. Harvey, Appellee, v. William McGuirk, Appellant.

### Gen. No. 5581.

VERDICTS—*when set aside as against the evidence.* A second verdict based upon substantially the same evidence as was previously introduced will be set aside as against the evidence and a final judgment rendered in favor of the adverse party where the evidence does not support the judgment rendered in the lower court.

Assumpsit. Appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1911. Reversed. Opinion filed March 13, 1912.

MIGHELL, GUNSUL & ALLEN and WILLIAM H. WINN, for appellant.

BROOKS & BROOKS and JOHN E. IRWIN, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is an action in *assumpsit* brought by appellee against appellant to recover half the profits alleged to have been made in a real estate transaction. The case was before this court in 158 Ill. App. 50 and a judgment for $1,250 in favor of appellee disposed of as follows: "The judgment is reversed, but as appellee may produce other evidence at another trial, the cause is remanded." A second trial resulted in a verdict and a judgment in favor of appellee for $560.75 from which this appeal is prosecuted.

It is contended that the verdict is not warranted by the evidence and that the court erred in ruling on instructions. From the view we take of the facts it will be necessary to consider only the first contention.

The evidence shows that appellee and appellant are farmers. Appellee testified that in April, 1908, he told appellant that he was buying a farm, but did not have

enough to pay for it and asked appellant if he had any money to loan; that appellant asked how much land he was buying and who owned it and said: "Take me in partners in this matter, I have the money, and we can * * * turn this property on halves," and that he replied, "It is the Odell farm," and appellant said, "Yes, I know all about that." The proof shows that without any further conversation between the parties appellant bought the farm for $3,900 although the deed expressed a consideration of $8,000 and that he gave his notes for $4,500 secured by a mortgage on the farm; that he put in a crop and later exchanged the farm, subject to such mortgage, for town property and paid $1,000 in addition thereto, the consideration named in the deed being $9,500.

The only proof that tends to show that there was any profit realized by appellant is the amount of the consideration in the deed given in exchange for the town property, and the testimony of Charles Ross that he heard appellant say in a saloon that he had a little deal with a man west of town and that he had cleared up $5,000 or $6,000 thereby and that it was Mike Harvey. Appellant denied that he had this conversation and denied being in the saloon at that time. Appellant testified that in addition to the $3,900 paid for the farm and $1,000 given on the exchange of property, that he paid $288 for interest and a release of the mortgage, $142 for perfecting the title, $356 for planting and harvesting the crop, $70 for taxes; that he realized $4,500 from the loan, $100 from the crop and $950 from the town property. This shows a loss of $206 in the entire transaction. He is corroborated in regard to the purchase price of $3,900 by the testimony of Mrs. Odell and the original articles of agreement for a deed; in regard to the $1,000 paid on the exchange of property by the purchaser; as to the taxes, interest and release of the mortgage by the receipts and one witness. As to the charges in perfecting the title his tes-

timony is not contradicted. Some of the items paid out in planting and harvesting the crop were corroborated, and none of these items or the amount received for the crop were disputed, and that the amount received for the town property was its fair cash market value is established by two witnesses. The evidence of the receipt of the $4,500 was introduced by appellee. It seems obvious that this evidence completely refutes any inference that there was a profit realized from the transaction.

Appellee introduced evidence to impeach appellant's testimony on the ground that he made statements outside of court contrary to his sworn testimony, from which he argues that appellant was not telling the truth about his losses and the value of the farm. If it be true that appellant made the statements attributed to him, it would not tend to show that a profit was realized from the transaction for the reason that his testimony on every material question tending to show that there was a loss was abundantly corroborated by other credible evidence.

The only proof, aside from appellee's own testimony, that tends to show that the parties were jointly interested in the transaction, is the testimony of one Brierton that he heard appellant say to one Dr. Johnson that he had entered into a partnership with appellee on the Odell deal. Appellant denied such conversation and Dr. Johnson testified that he had no recollection of it, and appellant denied that there was a partnership. Appellee did not take any part in the transaction, advanced no money towards the purchase of the farm, assumed no liability and did not agree to share any loss. All he did was to inform appellant of the location and ownership of the farm, which information appellant already possessed. In view of all the facts, the actions of appellee are inconsistent with his testimony that the parties entered into a partnership for a division of the profits. But, as no profits

were realized from the transaction, it is immaterial whether there was a partnership or not.

The evidence in this record is substantially the same as in the former, and as we said in the opinion there, to sustain the judgment it must be shown by a preponderance of the evidence that appellant made a profit in the transaction, and as a clear preponderance of the evidence in this record shows that appellant realized no profits, the judgment is manifestly against the evidence and cannot be sustained.

*Reversed.*

Finding of facts to be incorporated in the record: We find that appellant derived no profits from the transaction, and that appellee was not a partner of appellant therein.