## The Chicago and Northwestern Railway Company

*v.*

## The City of. Chicago.

*Filed at Ottawa March 29, 1890.*

1. Eminent domain—*strict construction.* Private property can only be taken for public use by consent of the owner, or by a proceeding to condemn, in strict conformity with law. The fact that the owner may interpose a groundless defense will not justify a departure from the statutory requirements.

2. Same—*of the petition—requisites as to description of property sought to be taken or damaged.* The statute (chap. 24, art. 9, sec. 5,) requires that the petition for the condemnation of land for a public improvement shall contain a reasonably accurate description of the lots, the parcels of land and property which are sought to be taken or damaged.

3. Same—*description must control—throughout the proceedings.* The property sought to be condemned for public use should not only be described in the petition with reasonable certainty, but that description should be followed in the subsequent orders, and in the verdict of the jury and judgment of the court.

4. So where the ordinance for widening a street, and the petition for the condemnation of land for such purpose, describe the land as all that part of a lot or lots lying north of a diagonal line through the lots, the city can not, on the hearing, abandon such description, and condemn land differently situated. On such a petition the city can not condemn land for a new street.

Appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding.

Mr. W. C. Goudy, for the appellant:

There was no ordinance in force authorizing the condemnation of the property described in the petition. Sec. 18, art. 3, of city law; *Guild* v. *Chicago,* 82 Ill. 472.

The city was bound to follow the description contained in the petition and ordinance. A variance therefrom is fatal. There is no description of the property in the judgment.

There was no power to take the land for a street, as it was a part of the right of way of the railway company, occupied by its main tracks. *Railroad Co.* v. *Railroad Co.* 122 Ill. 477.

Mr. JONAS HUTCHINSON, and Mr. FRANCIS E. HALLIGAN, for the appellee :

The city had the right to open a street in or across appellant's right of way. Rev. Stat. chap. 24, art. 5, sec. 1, par. 89.

Railroad right of way is subject to the power of eminent domain. *Railroad Co.* v. *Railroad Co.* 96 Ill. 274; *Railway Co.* v. *Railroad Co.* 97 id. 506; *Railroad Co.* v. *Railroad Co.* 113 id. 156.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a proceeding in the Superior Court of Cook county, to condemn private property for the purpose of widening a street. By section 1 of an ordinance passed by the common council of the city of Chicago it had been provided, "that George street be ordered widened between Carpenter street and May street, by condemning therefor all that part of lots 24, 26 and 27, assessor's division of part of block 6, Ellston's addition to Chicago, lying northerly of a line drawn from the north-west corner of said lot 27 to a point in the east line of said lot 24, six feet north of the south-east corner thereof, in accordance with the plan hereto annexed." The line described as drawn from the north-west corner of lot 27 to a point in the east line of lot 24, is a diagonal line, running from north-west to south-east. The petition describes the parts of lots to be taken or damaged, as all that part of lots 24, 26 and 27 lying northerly of said diagonal line. Appellant is alleged to be the owner of lot 24. This lot is bounded on the east by Carpenter street, and on the north by George street, which, by the ordinance, is ordered widened. That part of it sought to be condemned, as described in the ordinance and petition, is 34 feet 2 inches wide at the east end, and $11\frac{55}{100}$ feet wide at the

west end.   In making its proof on the hearing, the city divided this part of the lot into two subdivisions, asking the witnesses the value, first, of a strip $19\frac{75}{100}$ feet wide immediately north of said diagonal line, and then of the remainder thereof.   The first of these subdivisions was estimated by petitioner's own witnesses to be worth from $1000 to $1050, and the remainder from $250 to $350.   The verdict of the jury was as follows :

"We, the jury, find the just compensation to be paid to the owner or owners of the following described lots, pieces and parcels of land and property sought to be taken or damaged for the proposed improvement, as follows, to-wit :   To the owner or owners of all that part of lot 24, in assessor's division of part of block 6, of Ellston's addition to Chicago, lying northerly of a line drawn from the north-west corner of lot 27, in said division, to a point in the east line of said lot 24 six feet north of the south-east corner thereof, (except that part of said lot 24 lying northerly of a line $14\frac{25}{100}$ feet distant from and parallel with said first mentioned line, and northerly thereof,) one thousand dollars ($1000).   *   *   *   And we, the jury, find that no other property will be taken or damaged by the proposed improvement."

Motion by appellant for a new trial being overruled, judgment was rendered on the verdict, as follows :

"And the court being fully advised in the premises, it is considered and adjudged by the court that the respective sums of money awarded by the jury, in and by their said verdict, to the owners of the said lots, pieces and parcels of land and property, are, and each of them is, a just compensation to the owner or owners thereof for the taking and damaging of said lots, pieces and parcels of land and property, by the proposed public improvement mentioned in said petition; and said owner or owners shall, respectively, accept from said city of Chicago such sum or sums as are so awarded on account of the lots, pieces and parcels of land and property so owned by him, her, it or them, respectively, all of said lots, pieces and

parcels of land and property being in the city of Chicago,
county of Cook, and State of Illinois; and that upon payment
into this court, by the said city of Chicago, of said several sums
of money for the use of the owner or owners of any or each of
the said lots, pieces and parcels of land and property, or upon
proof made to or before this court that the said sums of
money, or any of them, have been paid to the owner or owners,
respectively, of said lots, pieces and parcels of land and prop-
erty, the said city of Chicago shall have the right, at any time
thereafter, to take possession thereof and damage the property
in respect to which such compensation shall have been so made
or deposited."

Appellant brings the case up.    Several grounds of reversal
are urged.    It is important to notice but two of them.

It will be seen, from the foregoing statement, that the im-
provement for which property was sought to be condemned, as
provided by ordinance, was the *widening* of George street, and
that its width was to be increased by adding thereto all that
part of lots 24, 26 and 27 northerly of the diagonal line therein
described.    The petition very properly described the property
to be taken as all that part of said lots, the statute requiring
that it should contain a reasonably accurate description of the
lots, parcels of land and property which would be taken or
damaged.   (1 Starr & Curtis, art. 9, sec. 5, chap. 24, p. 488.)
On the hearing, however, the ordinance and petition were
wholly abandoned as to the description of property to be con-
demned, and an effort made to condemn a strip through lot 24,
northerly of said diagonal line, $19\frac{75}{100}$ feet wide.   Clearly, that
could not be done,—first, because no such improvement was
provided for in the ordinance; and second, because the petition
asked for no such condemnation.    It will readily be seen that
condemning the $19\frac{75}{100}$ feet of said lot northerly of said line
would not have widened George street at all at Carpenter
street, but would have left a triangular piece of lot 24 in its
north-east corner, between George street and that part con-

demned.   In other words, what the city sought to do on the
hearing, was to condemn a part of lot 24 for a new street from
Carpenter to George, instead of merely widening George street.

Again, the verdict of the jury not only ignores the description in the ordinance and petition, but all the evidence in the
case, and finds just compensation, only, for a strip of said
lot 24, $14\frac{25}{100}$ feet wide, northerly of said line.   The judgment,
however, is, that the sum of money awarded by the jury "is a
just compensation to the owners thereof for the taking and
damaging of said lots, pieces and parcels of land and property
by the proposed public improvement mentioned in said petition."   The property sought to be condemned should not only
be described in the petition with reasonable certainty, but that
description should be followed in the subsequent orders, and
in the verdict of the jury and judgment of the court.   *Galena
and Chicago Union Railroad Co.* v. *Pound et al.* 22 Ill. 399;
*S. and I. S. E. Railway Co.* v. *Turner, etc.* 68 id. 187.

It is contended by counsel for appellee, that notwithstanding
these irregularities, appellant should not be allowed to take
advantage thereof, because, as is said, they were brought about
by its unwarrantable contention that a part of said lot was
held by it as railroad right of way, and was not subject to condemnation.   In the present state of the record we do not feel
called upon to decide whether or not that claim was without
foundation; but it certainly can not be seriously contended
that because appellant may have interposed a groundless defense, the city might therefore take its property for public use
without proceeding in conformity with law.   Private property
can only be taken for public use by consent of the owner, or
by a proceeding of condemnation in strict conformity with law.
(*Hyslop et al.* v. *Finch*, 99 Ill. 183, and cases cited.)   Here the
statutory requirements have been wholly disregarded.

The judgment of the Superior Court is reversed, and the
cause remanded.

*Judgment reversed.*