The Herrin and Southern Railroad Company, Appellant, *vs.* Henry Nolte *et al.* Appellees.

*Opinion filed February 16, 1910.*

1. Eminent domain—*fact that the land not taken will be unfenced six months may be an element of damage.* In a proceeding to condemn land for a railroad right of way, an instruction authorizing the jury, in estimating damages, to consider the depreciation, if any there was, to land not taken, by reason of the same remaining open, exposed and unfenced for six months, is proper, and is not open to the construction that it authorizes an allowance of damages for injuries to stock, for which the railroad company would be liable in another action.

2. Instructions—*an instruction authorizing jury to substitute their judgment for that of witnesses is improper.* An instruction telling the jury that if they believed they had arrived at a more accurate judgment as to the value of the land to be taken, and the amount of damages, by their personal examination of the premises than was shown by the evidence in court they might rightly fix such value and damages at the amount approved by their judgment so formed, even though it might differ from the amount testified to and from the weight of the evidence given by witnesses, is properly refused.

3. Same—*correct instruction not applicable to case may be refused.* An instruction in a condemnation case stating that if land not taken is enhanced in value by reason of the improvement and such enhanced value equals or exceeds the injuries sustained, then, in law, there was no damage and none should be allowed for land not taken, states the law correctly; but its refusal is proper where it would have been impossible for the jury, even under the evidence for the petitioner itself, to have found there was no damage to the land not taken.

4. Same—*when an instruction as to disregarding testimony of witnesses is erroneous.* An instruction advising the jury in a condemnation case that if they believed any witness had under-estimated the value of the land taken or the damages to land not taken, on account of interest, prejudice, want of knowledge or experience or truthfulness, they had a right to disregard the evidence of such witness in so far as the value of the land or amount of damages was unjustly under-estimated, is erroneous, not only in authorizing the jury to disregard the testimony of witnesses, but as applying only to the witnesses for the petitioner.

5. Same—*instruction as to weighing testimony should apply to witnesses for both parties.* The interest, prejudice, want of knowl-

edge or experience or truthfulness of any witness for either party is proper for the consideration of the jury in weighing his testimony, but the court, in advising the jury on that subject by an instruction, should apply the rule to witnesses for both parties; and unless the testimony of a witness is willfully false as to a material matter and is without corroboration it cannot be disregarded by the jury but must be weighed and considered.

6. APPEALS AND ERRORS—*when error in giving instruction will not reverse condemnation judgment*. Error in giving an instruction relating to the disregarding of the testimony of the petitioner's witnesses will not work a reversal of a condemnation judgment where there is no claim that the amount allowed for the land taken was too high and the amount allowed as damages, when considered from every standpoint, including the petitioner's stipulations and the testimony of its witnesses, is as favorable to the petitioner as could be expected.

APPEAL from the County Court of Williamson county; the Hon. W. F. SLATER, Judge, presiding.

NEELY, GALLIMORE, COOK & POTTER, for appellant.

HARTWELL & WHITE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant located its railroad across two tracts of land constituting part of an improved farm owned by Henry Nolte, one of the appellees, in Williamson county, entering the first tract of 33⅓ acres on the north side and running south-easterly across it, taking 1.26 acres of that tract, and after crossing another tract, again entering the farm on the west side of a 40-acre tract and running in the same direction across it, taking all of that tract west of a line fifty feet east of and parallel to the center line of the railroad, containing 1.60 acres. A petition was filed in the county court of said county to ascertain the compensation to be paid for the land so taken, and Henry Nolte and his tenants were made defendants. Henry Nolte, the owner of the farm, filed his cross-petition, claiming damages to a large part of the farm by reason of the construction and

operation of the railroad. The questions of compensation to be paid for the land taken and damages to land not taken were submitted to a jury, and the verdict fixed the amounts at $165 for the land taken and $840 for damages to land not taken. The court gave judgment on the verdict, and an appeal was prosecuted from that judgment.

The first complaint is, that the court gave instruction No. 4 at the request of the defendant Henry Nolte. The jury were advised by the instructions that the measure of damages to land not taken was the depreciation in market value by the building and operation of the road, and this instruction authorized them, in estimating such damages, to consider the depreciation, if there was any, which would result to the land not taken by reason of the same remaining open, exposed and unfenced for the space of six months. The argument against the instruction is, that the statute requiring fences is designed to protect domestic animals and prevent their being killed or injured; that fences would be a protection to the general public as much as to the land owner, and that, inasmuch as domestic animals are forbidden by law to run at large in this State, the danger from killing stock was not proper to be considered. In a condemnation suit, damages resulting from injuries to stock for which the railroad company would be liable in another action, and possible dangers of stock being killed, where the market value of the land is not affected thereby, cannot be considered. But there was nothing in this instruction referring to killing stock or concerning the recovery of damages therefor. It is proper to take into consideration all those things which affect the market value of the land, and the fact that the premises will be kept open for six months unfenced is proper to be considered. The inconvenience of having a cultivated field or pasture land thrown open during the construction of a railway through the same, and for six months afterward, may be a material element of damage. Whatever the purpose of the statute may be, the

fact that one side of a field will be unfenced for six months might materially interfere with its use and a person buying might pay less for it on that account. The court did not err in giving the instruction. *St. Louis, Jerseyville and Springfield Railroad Co.* v. *Kirby,* 104 Ill. 345; *Centralia and Chester Railroad Co.* v. *Rixman,* 121 id. 214; *Centralia and Chester Railroad Co.* v. *Brake,* 125 id. 393; *Chicago and Milwaukee Electric Railroad Co.* v. *Diver,* 213 id. 26.

The next complaint is, that the court refused instruction No. 4 tendered by the petitioner. This instruction stated that if the jury believed they had arrived at a more accurate judgment and determination as to the value of the premises sought to be taken and the amount of damages by their personal examination of the premises than was shown by the evidence in court, they might rightly fix the value of the land and amount of damages at the amount approved by their judgment so formed from personal examination, even though it might differ from the amount testified to and from the weight of the evidence given by the witnesses. It was a vicious instruction and the court did not err in refusing to give it. An instruction less objectionable but having the same tendency was condemned as long ago as the case of *Peoria Gas Light and Coke Co.* v. *Peoria Terminal Railway Co.* 146 Ill. 372. The instruction in that case authorized the jury to base their estimate upon their own inspection of the premises if they concluded that such inspection furnished a more reliable basis for an assessment than the evidence of the witnesses, but told them that they had no right to arbitrarily or without reason reject any of the testimony. This instruction did not even contain that requirement, and similar instructions have been held bad in *Chicago and State Line Railway Co.* v. *Mines,* 221 Ill. 448, and *South Park Comrs.* v. *Ayer,* 237 id. 211.

It is next argued that the court erred in refusing to give instruction No. 3 presented by the petitioner, which stated

that if the property not taken had been increased or enhanced in value by reason of the improvement and such increased value equaled or exceeded the injuries sustained, then, under the law, there was no damage and none should be allowed for the land not taken. The instruction stated a correct rule of law but must have been offered without any reference to the case on trial. The witnesses for the petitioner testified that the land not taken would be damaged and they gave estimates of such damages, so that it would have been impossible for the jury, under the evidence introduced by the petitioner itself, to have found that there was no damage to the land not taken. The court did not err in refusing the instruction, which the jury could not have applied to the case.

The court gave an instruction (No. 11) at the instance of the defendant which ought not to have been given. It was an argument for the defendant, and advised the jury that if they believed any witness had under-estimated the value of the land taken or the damages to land not taken, on account of interest, prejudice, want of knowledge or experience or truthfulness, they had the right to disregard the evidence of such witness in so far as the same was unjustly minified or unjustly under-estimated, either as to the value of the land taken or damages to land not taken. The interest, prejudice or want of knowledge, experience or truthfulness of any witness for either party would be proper for consideration by the jury in weighing his testimony and it would not be improper to give a cautionary instruction of that kind, but a court ought, when advising the jury on that subject, at least to apply the rules to witnesses on both sides. The instruction was not only bad in authorizing the jury to disregard the testimony of witnesses, but it was applied only to witnesses for the petitioner. The testimony of every witness which is not willfully false as to a material matter and without corroboration is entitled to consideration by the jury and is to be weighed and considered.

Whether the judgment ought to be reversed on account of that instruction is to be considered in connection with the last point made in the argument,—that the damages allowed were excessive.   The verdict was low enough as to the land taken, and there is no claim that it was not.   There were material and substantial damages to the remainder of the farm, which were estimated by two witnesses for petitioner at $600, by two such witnesses at $500, by one at $400 and by one at $200.   The witnesses for the defendant estimated the damages at from $1000 to $2000. The petitioner filed stipulations that a farm crossing should be put in at a certain place, in compliance with the statute, and that it would grant to defendant Henry Nolte, owner of the farm, a perpetual right of way for a private road along the east line of the railroad right of way, thirty feet wide, over an adjoining tract of land, and that such road should be properly graded for team travel by the petitioner. There was a high fill or dump on the land and the plans of construction filed did not show any trestle-work or opening in it, so that drainage would be interfered with, and the petitioner filed a stipulation that it would construct the road so as not to interfere with the drainage then existing under the tracks of the Illinois Central railroad, which ran along the farm on the south, and that it would take care of and provide for all the proper drainage, so that the adjoining land would not be affected, in so far as drainage was concerned, in anywise different from the condition then existing.   Assuming that these stipulations were authorized and binding on the petitioner, and considering the situation from every standpoint, we do not think a more favorable verdict could be expected.   For that reason we are disposed to affirm the judgment notwithstanding the error in giving the eleventh instruction.

The judgment is affirmed.     *Judgment affirmed.*