The Chicago, Ottawa and Peoria Railway Company, Appellee, *vs.* Jacob W. Rausch *et al.* Appellants.

*Opinion filed June 29, 1910.*

1. Eminent domain—*jury have a right to take into account their own observations.* The jury in a condemnation case have a right to take into account the facts and conditions observed by them in viewing the premises, together with all the testimony in the case, and it is proper to so instruct the jury if no intimation is given that the jury may consider their own observations alone and disregard the testimony.

2. Same—*when instructions as to disregarding the testimony exaggerating or under-estimating value are not correct.* It is the corrupt motive, or the giving of false testimony knowing it to be false, which authorizes the jury to disregard the testimony of a witness in so far as it is uncorroborated, and hence instructions are not correct which state that if any witness has placed too low or too high a value on condemned property, as a result of his prejudice or want of knowledge, experience or truthfulness, the jury may disregard his testimony in so far as the value is unjustly under-estimated or magnified.

3. Same—*a petition should describe land with reasonable certainty.* A condemnation petition should describe with reasonable certainty the lands sought to be condemned, but if the defendants, without making any objection, file a cross-petition treating the description as certain and sufficient, the judgment should not be reversed for uncertainty of description in the petition.

4. Same—*judgment must be reversed if description is an impossible one.* The description in the petition to condemn land must be followed in the verdict and judgment, and if the description given in the verdict and judgment is an impossible one the judgment is void for uncertainty and must be reversed.

5. Instructions—*use of word "defendant" for "defendants" is not a serious matter.* The fact that a few of the instructions in a condemnation case, where there are two defendants, use the word "defendant" instead of "defendants" is not a serious objection, where there are numerous instructions on both sides advising the jury as to the rights of the defendants and their compensation and damages, which were awarded in terms according to the ownership of the property.

Appeal from the Circuit Court of Grundy county; the Hon. Edgar Eldredge, Judge, presiding.

J. W. RAUSCH, and HAMILL A. CANADAY, for appellants.

C. F. HANSON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 4, 1909, the appellee, the Chicago, Ottawa and Peoria Railway Company, a corporation organized under the general Railroad law of this State and authorized to construct a railroad from the village of Crotty, in LaSalle county, to and through the city of Morris, in Grundy county, presented its petition to a judge of the circuit court of Grundy county, praying that the compensation to be paid for two tracts of land in the city of Morris upon which it had located its road,—one owned by Jacob W. Rausch and Colette Rausch, his wife, as tenants in common, and the other owned by the said Jacob W. Rausch,—should be ascertained in accordance with the act to provide for the exercise of the right of eminent domain. The judge noted the presentation of the petition and fixed June 25, 1909, as the day for a hearing. The defendants filed cross-petitions, alleging that they owned other lands adjoining the tracts sought to be appropriated by the petitioner and that the same would be damaged and diminished in value as residence property. After two continuances, the first by agreement of counsel and the second upon motion of the defendants, the cause was called for trial on September 30, 1909, when a motion of the defendants for a further continuance was denied and the cause was tried. The jury awarded to the defendants for land taken, owned by them as tenants in common, $775, and for damages to land not taken $400, and to defendant Jacob W. Rausch for land taken owned by him $100 and damages to land not taken $25. The court, after overruling motions for a new

trial, entered judgment on the verdict in the usual form. From that judgment this appeal was taken.

It is assigned for error that the court gave two instructions at the request of the petitioner, which authorized the jury to base their estimates of compensation and damages upon their own inspection of the premises without regard to the testimony of the witnesses. The instructions merely directed the jury to take into account their own observation resulting from a view of the premises, in connection with the testimony, and they gave no intimation to the jury that they might make their inspection of the premises the basis for an estimate of compensation or damages. The jury had a right to, and it was proper that they should, take into account the facts and conditions appearing upon an examination of the premises, together with all the testimony in the case. (*Indiana, Illinois and Iowa Railroad Co.* v. *Stauber,* 185 Ill. 9.) The instructions did not contain the objectionable feature of the instructions commented on in *South Park Comrs.* v. *Ayer,* 237 Ill. 211, and *Herrin and Southern Railroad Co.* v. *Nolte,* 243 id. 594.

There were two defendants as to one tract and one as to the other, and several instructions given at the request of the petitioner used the word "defendant," which is made a ground of objection. There were numerous instructions on both sides, which advised the jury as to the rights of the defendants as owners of the property and the compensation and damages to be awarded to them, and compensation and damages were awarded in terms according to the ownership of the property. The objection is hypercritical, and the argument that the jury could have been led to believe that there was but one defendant, or that the defendants were injuriously affected by the use of the singular instead of the plural, is only noticed because it seems to be seriously made.

The court modified an instruction presented by the defendants which stated that if any witness had placed too

low a value upon the lands taken on account of his interest in the suit, or his prejudice or want of knowledge or experience in valuing city property in the city of Morris, or for want of truthfulness, then the jury had the right, and it was their duty, to disregard the evidence of such witness in so far as the value placed on the premises was unjustly under-estimated or decreased. By the modification the instruction was made to apply to the witnesses on both sides,—to those who had magnified or exaggerated the value as well as to those who had under-estimated or decreased the value for the reason stated in the instruction,—and it is argued that the court erred in so modifying the instruction. The petitioner requested an instruction of the same character and stating the same proposition and the court made it applicable to the witnesses on both sides, and no complaint is made of that instruction as given. They are both substantial copies of an instruction given in the case of *Kiernan* v. *Chicago, Santa Fe and California Railway Co.* 123 Ill. 188, except that as given they were applied to the witnesses on both sides, which was proper if they were to be given at all. (*Herrin and Southern Railroad Co.* v. *Nolte, supra.*) In the *Kiernan case* the instruction was interpreted as merely directing the jury that they were not obliged to accept a witness' statement of value as sworn to, but in view of all the evidence and their own inspection of the premises might disregard it so far as unjustly exaggerated. We think that view is not accurate. How a jury could disregard and pay no heed whatever to the testimony of an interested witness concerning value to a limited extent, as being unjustly exaggerated or diminished to that extent, and consider and weigh such testimony as to the remainder, is not clear. The natural meaning of the instruction is, that if the value sworn to by any witness is less or greater than the actual value on account of the interest of the witness in the suit or his prejudice or want of knowledge or experience or want of

truthfulness, it is not only the right but also the duty of the jury to cast his estimate aside as not worthy of notice or consideration. There is no more reason for applying such a rule, as a rule of law, to testimony concerning value than to testimony concerning any other fact or matter in dispute, and such an instruction would not be regarded as correct in other cases. The instruction would apply to the owners of land and anyone interested in the result of the suit, and would lead the jury to disregard their testimony instead of weighing it and giving it such weight as they might believe it entitled to. The interest, prejudice or want of knowledge or experience of any witness is always proper for consideration by the jury in weighing his testimony, but it is only where a witness has willfully sworn falsely as to a material matter that his entire testimony can be disregarded, and not then as to matters concerning which he is corroborated. The corrupt motive is a necessary element, and it is that motive, or the giving of false testimony knowing it to be false, that authorizes a jury to disregard the testimony of a witness. It would not have been error to have refused the instruction offered by the defendants and the modification made it less objectionable.

It is alleged that the lands sought to be taken were not properly described in the petition; that the description was uncertain, indefinite and ambiguous, and that the judgment ought to be reversed for that reason. The petition described a tract of land in a certain addition to the city of Morris extending along the south-easterly side of the right of way of the Chicago, Rock Island and Pacific Railway Company, and alleged that the part lying east of a certain line was owned by both defendants and that part west of such line was owned by the defendant Jacob W. Rausch. The description was by metes and bounds, and it contained two uncertain distances,—one of 261 feet more or less and the other of 91 feet more or less,—neither of which ran to or terminated at any fixed monument or object

or point in the plat of the addition or elsewhere capable of identification. Property sought to be condemned must be described in the petition with reasonable certainty. (*Chicago and Northwestern Railway Co.* v. *City of Chicago,* 132 Ill. 372; *Springfield and Illinois Southeastern Railway Co.* v. *Turner,* 68 id. 187.) In this case the lands were city property and the description was indefinite, but the objection should have been taken to the petition. If such objection had been made the court would doubtless have sustained it, but it was not made and defendants filed their cross-petition treating the description as certain and sufficient, and the judgment ought not to be reversed for uncertainty of description in the petition.

The description in the petition must, however, be followed in the verdict of the jury and the judgment of the court, and in this case there is a fatal defect in each. The verdict and judgment described the tracts of land the same as the petition, with the exception that the portion lying east of the boundary line between lots 11 and 12, in block 6, of the addition was described as the property of both defendants and that part west of said boundary line was described as the property of the defendant Jacob W. Rausch. The judgment authorized the petitioner to enter upon such property upon payment of the compensation therefor, and there is no boundary line between lots 11 and 12. A line dividing the east part of the lands from the west part would run north and south, and lot 11 is north of lot 12. They are' on opposite sides of Hill street, lot 11 being on the north side and lot 12 on the south side. The description in the verdict and judgment is an impossible one and the premises described have no existence. The judgment is void for uncertainty and must be reversed for that reason.

We have not considered the first assignment of error, that the trial court erred in overruling the motion of defendants for a continuance, for the reason that there will be another trial for error appearing in the record. We ex-

press no opinion on the questions raised by the second, third, fourth, fifth and sixth assignments of error, that the verdict and judgment were contrary to the weight of the evidence and the compensation and damages allowed were inadequate, inasmuch as the case will be tried again.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*