The City of Chicago, Appellee, vs. Laura A. Matteson, Appellant.

*Opinion filed June 22, 1916—Rehearing denied October 5, 1916.*

1. Special assessments—*issue as to the proportionate share of cost is for the jury.* Since the amendment of section 12 of the Local Improvement act, in 1913, the question whether an objector's property has been assessed more than its proportionate share of the cost of the improvement raises an issue which is to be submitted to the jury.

2. Same—*verdict as to benefits must come within the range of the testimony.* A verdict on the issues of the amount of benefits and the proportionate share of the cost of the improvement cannot be sustained where it is not within the range of the testimony of the witnesses.

3. Same—*report and assessment roll not to be considered as the testimony of a witness.* The report and assessment roll, while admissible in evidence, are not to be considered as the testimony of any witness and are not entitled to the weight of the testimony of a witness in arriving at a verdict.

4. Same—*right of jury to disregard testimony of witness as to value of land taken.* It is proper, in a condemnation proceeding under the Local Improvement act, to instruct the jury that if they believe, from the entire testimony and their inspection of the premises, that any witness has diminished or belittled the value of the land taken they have a right to disregard the testimony of the witness on that subject.

Appeal from the County Court of Cook county; the Hon. S. N. Hoover, Judge, presiding.

Morton T. Culver, for appellant.

Harry F. Atwood, and Arthur E. Wallace, (Samuel A. Ettelson, Corporation Counsel, of counsel,) for appellee.

Mr. Justice Cooke delivered the opinion of the court:

Laura A. Matteson, the appellant, is the owner of a certain lot in Sheffield's addition to Chicago. This lot extends from Perry street on the east to Ashland avenue on the

west,—a distance of about one-eighth of a mile. The lot is 132 feet in width. Its north line is 231 feet south of and parallel with the south line of Diversey parkway,—the first street north of the lot,—and its south line is about 892 feet north of the north line of Wrightwood avenue,— the first street south of the lot. Bosworth avenue is a street running north and south about midway between Perry street and Ashland avenue. It extends north from Wrightwood avenue to the south line of appellant's lot, and again beginning at the north line of appellant's lot continues north to Diversey parkway. On December 17, 1913, the city council of the city of Chicago adopted an ordinance, in conformity with a recommendation made by the board of local improvements, providing that Bosworth avenue be opened from Wrightwood avenue to Diversey parkway by condemning therefor the east 66 feet of the west 328.33 feet of appellant's lot; that upon the entry of an order by the court in which the proceeding contemplated by the ordinance shall be pending, granting to the city the right to take possession of or damage the property sought to be taken and in respect to which compensation shall have been made and deposited as required by law, the commissioner of public works should forthwith remove any building or any part thereof, or any other obstruction which might be located upon said land, and should forthwith put the surface of the land taken for the opening of said street in such condition that it can be used for public travel, said work to be paid for out of the general funds of the city; that said improvement should be made and the just compensation for property to be taken or damaged therefor be ascertained and the whole cost thereof be paid for by special assessment, in accordance with the provisions of the Local Improvement act. Thereafter, on January 21, 1914, a petition was filed in the county court of Cook county by the city of Chicago praying that steps be taken to ascertain the just compensation to be made for private property to be taken

or damaged for the proposed improvement and to ascertain what property will be benefited by such improvement and the amount of benefits. Commissioners appointed by the court fixed the value of the appellant's land to be taken at $2000 and reported that there would be no damage to property not taken. The commissioners assessed $1800 against the remainder of appellant's lot not taken as the amount of benefits that would be derived from the improvement, and assessed the remaining $200 against forty-five other lots and tracts of land, thirty-five of which front on those portions of Bosworth avenue which had been theretofore opened for travel and the remaining ten on Diversey parkway, the assessments against these lots and tracts ranging from fifty cents to $10 each. Appellant filed objections to the award and assessment made by the commissioners. The legal objections attacking the ordinance providing for the improvement were heard by the court and were overruled, and a jury was empaneled to try the issues presented by the objection that the assessment against the part of appellant's lot not taken exceeds the benefits which will accrue to it from the proposed improvement, and the objection that appellant's property was assessed more than its proportionate share of the cost of the improvement. After the formal proof had been made by the petitioner the jury viewed the premises. Upon their return the appellant offered evidence tending to show that her lot is best adapted for use as an entire tract for manufacturing or industrial purposes, and that cutting the lot into two tracts, separated from each other by a street, will be a great damage to the part not taken. The petitioner, on the other hand, offered testimony tending to show that appellant's lot is best adapted for residence purposes, and that the opening of Bosworth avenue through the lot will increase the value of the land not taken for residence purposes more than the amount assessed against it for benefits. All of the witnesses agree that opening the street through appellant's lot will greatly bene-

fit the property fronting upon those portions of Bosworth avenue heretofore opened for travel. The jury returned two verdicts. By one they fixed the just compensation to be paid appellant for land taken at $2000. By the other they found the issues for the petitioner, and further found that appellant's property has not been assessed more than it will be benefited nor more than its proportionate share of the cost of the improvement. After overruling motions for a new trial and in arrest of judgment the court rendered judgment on the verdicts. From that judgment Laura A. Matteson has prosecuted this appeal.

The legal objections were properly overruled. We do not regard the reasons advanced in support of the legal objections of sufficient importance to warrant a discussion on this phase of the case.

The appellant concedes that there was evidence that her property would be benefited to the extent of the amount assessed against it, but insists that the finding that her property has not been assessed more than its proportionate share of the cost of the improvement is contrary to the evidence. Under the provisions of the Local Improvement act, since the amendment of section 12 in 1913, if it is objected that any property is assessed more than its proportionate share of the cost this issue must be submitted to the jury. (*Village of DesPlaines* v. *Winkelman*, 270 Ill. 149.) In this case this objection was made and this issue was submitted to the jury, who found that the property of appellant had not been assessed more than its proportionate share of the cost of the improvement.

Appellant's witnesses testified that her property would not be benefited by the improvement. Appellee called three witnesses, one of whom testified that the benefit to the property on both sides of Bosworth avenue by reason of the opening of the street would be $10,000 and that the benefit to appellant's property would be $2640. According to this witness, as the benefit would be $10,000 and the cost

of the improvement $2000, each tract should be assessed one-fifth of the total amount of benefits, which would result in an assessment of $528 against the property of appellant. The second witness called on behalf of appellant testified that the property on both sides of Bosworth avenue from Diversey parkway to Wrightwood avenue will be benefited from $2 to $5 per front foot. While he testified that appellant's property will be benefited more than any other, he places $5 per front foot as the maximum benefit to be received by any of the property. Assuming that appellant's property is benefited $5 per front foot and all the other property $2 per front foot, the verdict is not sustained by the testimony of this witness. The third witness testified that the benefit to appellant's property will be $1800, and that all the other property fronting on Bosworth avenue will be benefited $2000. This was all the testimony on this issue, and it is apparent therefrom that the verdict of the jury does not come within the range of the testimony of the witnesses. The court therefore erred in refusing to grant the motion for a new trial.

Complaint is made of the refusal of the court to give the following instruction on behalf of appellant:

"The court instructs the jury that the report and assessment roll, while admitted in evidence, is not to be considered as the testimony of any witness and is not entitled to the weight of the testimony of a witness in arriving at your verdict in this case."

Under the holding in *City of Rockford* v. *Mower*, 259 Ill. 604, this instruction was proper and should have been given.

It is also complained that the court erred in refusing to give appellant's offered instruction No. 2. This instruction stated that if the jury believed, from the entire testimony and from their inspection of the premises, that any witness had diminished or belittled the value of the land taken, they had a right to disregard the evidence of such witness

on that subject.   This instruction should have been given. *Bradley Manf. Co.* v. *Traction Co.* 229 Ill. 170.

For the errors indicated, the judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*