334        APPELLATE COURTS OF ILLINOIS.

J. F. Humphreys & Co. v. City of Bloomington, 246 Ill. App. 334.

# J. F. Humphreys & Company, Appellee, v. City of Bloomington, Appellant.

## Gen. No. 8,041.

1. DAMAGES—*$17,000 as not excessive for depreciation in value resulting from viaduct.* In an action for damages resulting from the construction of a viaduct from thirteen to fifteen feet high in front of a building used for a warehouse and manufactory and worth prior thereto $180,000, an award of $17,000 for depreciation in value held not excessive.

2. INSTRUCTIONS—*refusing one covered by another.* The refusal to give a proper instruction is not reversible error where the court has given for the same party an instruction covering the same ground.

3. INSTRUCTIONS—*disregarding testimony of witnesses.* An instruction for the plaintiff that if the jury believe from the entire testimony that any witness has magnified or exaggerated the damages, if any, to the premises in question, on account of his interest in the suit, in his prejudice, or want of knowledge or experience or truthfulness, then the jury has the right to disregard the evidence of such witness in so far as the same is unjustly magnified or increased as to the damages, if any, to the property of the plaintiff, is objectionable as improperly authorizing the rejection of testimony and, also, as limiting the rejection only to the witnesses of one party.

4. WITNESSES—*requirements for impeaching.* Before a witness can be impeached by showing that he has made oral statements out of court in conflict with his testimony given in the case, he must have had his attention called, during his examination, to the alleged statements, and to the time, place and persons involved in the supposed contradiction.

5. TRIAL—*right to jury view of damaged premises.* In an action at law to recover damages for depreciation in value of property from the building of a viaduct in front of it, the court has the discretion to permit the jury to view the premises if the nature of the case makes that important.

6. TRIAL—*when court may refuse jury view of premises.* A court did not abuse its discretion in refusing the motion of a defendant to a common-law action for damages for building a viaduct in front of plaintiff's property, that the jury view the premises, in view of the fact that most of the jurors were familiar with the premises and that a number of photographs of the premises were in evidence.

J. F. Humphreys & Co. v. City of Bloomington, 246 Ill. App. 334.

Appeal by defendant from the Circuit Court of McLean county; the Hon. Edward Barry, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed October 31, 1927.

Richard M. O'Connell, for appellant.

Stone & Taylor, for appellee.

Mr. Justice Eldredge delivered the opinion of the court.

J. F. Humphreys & Company, appellee, recovered a judgment against the city of Bloomington, appellant, in the court below for $17,000 damages in an action on the case, to reverse which judgment this appeal is prosecuted.

The declaration, in substance, charges that on January 1, 1924, plaintiff (appellee) was the owner of lots 1 and 2; being the whole of Harber Brothers Company's subdivision of the north end of block 5 of Miller, Foster and Others' addition to the town, now city of Bloomington, that said premises abutted on a certain street in said city known as South Main street, for an approximate distance of 164 feet; that upon said premises on said date there was a certain brick building, five stories in height, and being then used by said plaintiff in conducting a wholesale grocery business and for manufacturing grocery supplies; that said building abutted on Main street for an approximate distance of 92 feet on the south end of said premises; that the grade of said South Main street had long since been established and that said building had been erected with reference to the grade of said street; that said defendant, having control of said street, erected, or caused to be erected, upon that portion of South Main street upon which said premises abuts, on, to-wit: January 1, 1924, a certain structure of steel and concrete, known as a viaduct, together with approaches thereto, said structure being erected high above the

level and grade of said street as it had existed prior thereto and permanently elevated and greatly changed the grade of the major portion of said street, by and in front of plaintiff's premises, and thereby greatly reduced the facilities of egress and ingress to said premises from said street, as prior thereto for a long period of time had existed, and had made the access of plaintiff's buildings and property, and the egress therefrom, defective and dangerous, and thereby had greatly damaged the property of plaintiff and that it had been rendered unsightly and shut off from light and the free circulation of air, and by means of the erection of said viaduct the said property of plaintiff has been greatly injured and permanently damaged in its market value.

The only plea filed was that of the general issue and it is conceded by appellant, that the city of Bloomington is liable for any damages that appellee may have suffered by the erection of said viaduct, and it is further conceded that appellee is entitled to damages in some amount, but a reversal of the judgment is sought upon the grounds, (1) that the damages assessed by the jury are excessive and contrary to the weight of the evidence; (2) error in the refusal by the trial court to give certain instructions; (3) error in the refusal of the court to admit certain evidence, and, (4) error in the refusal of the court to grant appellant's motion to have the jury view the premises.

A short distance west of the premises in question, the tracks of the Big Four and the Nickel Plate Railroads run in a northeasterly and southwesterly direction, crossing South Main street. In May, 1925, the Nickel Plate Railroad, under an order of the Illinois Commerce Commission, commenced the construction of the viaduct in question on South Main street over its tracks and those of the Big Four Railroad. The viaduct was completed in December, 1925. The evidence shows that the height of the viaduct, in front

of the building on the premises of appellee, is about thirteen feet at its lowest point and about fifteen feet at its highest point. The viaduct is supported by large pillars and the roadway between the north side of the viaduct and the south side of the sidewalk in front of the building, is approximately twelve and a half feet wide, and this width was procured by cutting away a portion of the sidewalk as it had existed before the viaduct was constructed. It cannot be seriously contended that the means of ingress and egress to and from the premises of appellee have been seriously impaired and the convenience and safety thereof very much reduced. It must be conceded also that the right, which the appellee enjoyed to the free access of light and air has been more or less diminished, especially as to the first two stories of the building. The evidence tends to show that the fair, cash, market value of the premises, before the erection of the viaduct, for the purpose for which it was being used, viz., the carrying on of a wholesale grocery business and the manufacturing of grocery supplies, was between $180,000 and $200,000. The witnesses for appellee placed the amount of depreciation in the fair, cash, market value of the premises, by reason of the erection of the viaduct, as between $35,000 and $45,000, while the witnesses for appellant placed such depreciation at between $5,000 and $10,000, and, in view of all the evidence in the case, which we have tried very carefully to consider, the verdict awarding $17,000, as damages, is not excessive.

The trial court refused to give the following instruction, offered by appellant: "The court instructs the jury that the burden of proof in this case is upon the plaintiff, and it is for it to prove its case by a preponderance of the evidence." This instruction might well have been given, but its refusal is not reversible error for the reason that the court gave an instruction, offered by appellant, in which it is stated, "that the

rule requiring the plaintiff to prove its case by the greater weight of the evidence is a substantial rule of law, binding upon the plaintiff in this case, and you have no right as jurors to disregard said rule of law. It is your duty as jurors to enforce said rule of law in this case, the same as each and every rule of law that the Court gives you in these instructions." With the latter instruction given, the jury could not have been misled as to which party had the burden of proof.

The court also refused to give to the jury the following instruction: "You are instructed that if you believe from the entire testimony that any witness has magnified or exaggerated the damages, if any, to the premises in question, on account of his interest in the suit, or his prejudice, or want of knowledge or experience or truthfulness, then you have a right, and it is your duty, to disregard the evidence of such witness in so far as the same is unjustly magnified or unjustly increased, as to the damages, if any, to the property of the plaintiff." It is very earnestly insisted by counsel for appellant, that this instruction was proper and has received the sanction of the Supreme Court, and the following cases are cited in support of this contention: *Kiernan v. Chicago, S. F. & C. Ry. Co.*, 123 Ill. 188; *Goss Printing Press Co. v. Lempke*, 191 Ill. 199; *Bradley Mfg. Co. v. Chicago & S. Traction Co.*, 229 Ill. 170; *Chicago & W. I. R. Co. v. Heidenreich*, 254 Ill. 231.

In the *Kiernan* case, *supra*, the court held that the criticism of a similar instruction, that it told the jurors that they might arbitrarily disregard the testimony of unimpeached witnesses was not well taken. No other fault appears to have been urged to the instruction or brought to the attention of the court and it was apparently approved. In the *Goss Printing Press Co.* case, *supra*, no such instruction as that now under consideration, was passed upon, but if it be taken that the instruction which was considered in

that case involved a like principle of law, which we do not concede, it at least had the merit of applying to all witnesses in the case equally, and was not limited to the witnesses of one party only.  We do not consider this case as supporting appellant's contention, not only because of the dissimilarity of the instructions, but also for the reason last mentioned.  A similar instruction was passed upon in the *Bradley Mfg. Co.,* case, *supra,* and the court, after stating that a like instruction was approved in the *Kiernan* and *Goss Printing Co.* cases, adds, "What was said in the *Kiernan* case applies with equal force here and needs not be repeated.  We do not think the giving of appellee's fifteenth instruction constituted *reversible error.*"

In the case of *Herrin & Southern R. Co. v. Nolte,* 243 Ill. 594, this same instruction was more extensively considered, and the court there held: "The court gave an instruction (No. 11) at the instance of the defendant which ought not to have been given.  It was an argument for the defendant, and advised the jury that if they believed any witness had under-estimated the value of the land taken or the damages to land not taken, on account of interest, prejudice, want of knowledge or experience or truthfulness, they had the right to disregard the evidence of such witness in so far as the same was unjustly minified or unjustly under-estimated, either as to the value of the land taken or damages to land not taken.  The interest, prejudice or want of knowledge, experience or truthfulness of any witness for either party would be proper for consideration by the jury in weighing his testimony and it would not be improper to give a cautionary instruction of that kind, but a court ought, when advising the jury on that subject, at least to apply the rules to witnesses on both sides.  The instruction was not only bad in authorizing the jury to disregard the testimony of witnesses, but it was applied only to witnesses for the petitioner.  The testimony of every witness which is

not willfully false as to a material matter and without corroboration is entitled to consideration by the jury and is to be weighed and considered." In the later case of *Chicago, O. & P. Ry. Co. v. Rausch,* 245 Ill. 477, substantially the same instruction was again considered by the Supreme Court and a still more extensive analysis was made of it, and, in mentioning the court's earlier opinion in the *Kiernan* case, *supra,* it is said, "We think that view is not accurate." The instruction is condemned and what was said in regard thereto in the *Herrin & Southern Railroad Company* case was approved. In the still later case of *Chicago & W. I. R. Co. v. Heidenreich,* 254 Ill. 231, in passing upon an instruction of the same character it was held: "The court gave the instruction about disregarding the evidence of witnesses so far as such witnesses had magnified or depreciated the value of the property, which was commented upon in *Herrin and Southern Railroad Co. v. Nolte,* 243 Ill. 594, and *Chicago, Ottawa and Peoria Railway Co. v. Rausch,* 245 id. 477. It was applied to both parties but was misleading, and practically told the jury to pay no attention to testimony of witnesses whose opinions of value they did not regard as correct." In view of these later decisions of the Supreme Court it was not error to refuse this instruction.

In the month of April, 1925 the witness Hall, and three other men, all of them having been hired for that purpose by appellant, made an inspection of appellee's property. When the witness Hall was on the witness stand, as a witness for appellant, he stated that when he was on the premises in April, 1925, he had a talk with the general manager of appellee. Then he was asked this question, "Will you state what he told you concerning the improvements," to which an objection was sustained. It is claimed by appellant that the court erred in sustaining this objection on the ground that the general manager of appellee had been a wit-

ness for appellee and had testified in regard to the improvements and that appellant had a right to impeach his testimony by showing that he made statements to the witness, contrary to those testified to by him. No offer of proof was made by counsel for appellant and, so far as the court was concerned, there was no reason shown or brought to its knowledge which would make an answer to that question competent. The court could not presume that any conversation the witness might have had with the general manager of appellee would tend to impeach his testimony or would be competent or material to any of the issues in the case. When the general manager testified as a witness in the case, his attention, on cross-examination, was not called to any conversation he had had with the witness Hall, and consequently, no foundation was laid for impeachment. The rule is that before a witness can be impeached by showing that he had made oral statements out of court in conflict with his testimony given in the case, he must have had his attention called, during his examination, to the alleged statements, and also as to the time, place and persons involved in the supposed contradiction. *Hirsch & Sons Iron & Rail Co. v. Coleman,* 227 Ill. 149.

The last error assigned by appellant is that the court erred in overruling its motion for the jury to view the premises. In a condemnation suit, by special provision of the statute, either party has a right to have the jury view the premises sought to be taken or damaged, but this is an ordinary action at law and not a condemnation suit, and in such cases, whether a view of the premises is allowed or not, lies largely in the discretion of the court. A view, under such circumstances, may be permitted by the court in the exercise of its discretion, if, in the nature of the case it becomes important for the jury to view the premises in order to understand the physical situation and properly apply the evidence thereto. *Vane v. City of*

*Evanston,* 150 Ill. 616; *Geo. Hegan v. Union El. R. Co.,* 258 Ill. 352; *Rich v. City of Chicago,* 187 Ill. 396. The case of *Springer v. City of Chicago,* 135 Ill. 552, involved the same cause of action as in the case at bar; and in discussing the right of the trial court to order a view, it was held, "When a view of real estate will aid the jury in reaching a conclusion, it is within the discretion of the court to permit it." The case of *Osgood v. City of Chicago,* 154 Ill. 194, also holds that the trial court may permit a view of the premises in this character of cases in its discretion. While it is undoubtedly true that the court could have allowed the jury to view the premises, yet such action was within the court's sound discretion. The trial court, in passing upon this motion stated: "Most of the jurors answered on their *voir dire* that they were familiar with the location and surroundings of the viaduct; and because of that and the number of photographs offered in evidence, the court thinks it not necessary to have them view the premises." Under these circumstances there was no abuse of discretion by the court in denying the motion.

There is no reversible error in the record and the judgment of the circuit court is affirmed.

*Judgment affirmed.*