(No. 21992.—

THE PEOPLE *ex rel.* The Department of Public Works and Buildings, Appellee, *vs.* BOYD E. HUBBARD *et al.* Appellants.

*Opinion filed December 22, 1933—Rehearing denied Feb. 13, 1934.*

B. A. Knight, for appellants.

Robert L. Bracken, and Martin V. Peterman, for appellee.

Mr. Justice Herrick delivered the opinion of the court:

The Department of Public Works and Buildings of the State of Illinois, appellee herein, (hereinafter called the petitioner,) filed its petition in eminent domain for the condemnation of certain lands for the construction of a portion of the proposed State paved highway Route 77, extending from Route 70 in Ogle county westerly towards Oregon a distance of approximately six and one-half miles. The appellants, (hereinafter called the defendants,) owners of lands proposed to be taken, were made parties defendant to the petition and filed their cross-petitions asking for damages to lands not taken. By agreement of the parties the cause was tried in two separate hearings before separate juries. The first hearing involved the east two and one-quarter miles in length of the proposed road and the second hearing involved the remainder of the proposed road. On the east two and one-quarter miles of the proposed highway the land sought to be taken for the proposed right of way consisted of only a few feet in width on each side of a then existing public highway. From the westerly end of the two and one-quarter miles of the proposed road extended west the land sought to be taken was a strip eighty feet in width through the lands of the defendants Hayes, Welsh and Gray, excepting that in the west one-half mile of the strip last named, only one-half of the right of way was taken from the defendant Gray, the other

one-half being taken from a land owner who is not in the case. On a portion of that part of the lands of Hayes sought to be taken for highway purposes there were located tenant buildings, fences and trees. Eleven witnesses testified for the petitioner and ten witnesses testified for the defendants on the subject of damages. We will not undertake to set forth the evidence in detail or attempt to analyze the evidence bearing upon the damages as to the several tracts of land involved. Hayes is the owner of lands which we designate as tracts 6 and 7. The verdict in that case for damages to lands taken was $2467.29 and damages to lands not taken was $556. The average value fixed by the testimony of the witnesses for the petitioner for lands taken and for damages to lands not taken on tracts 6 and 7 was $1094.92, while the average value for the same tracts fixed by the witnesses for Hayes for the total of lands damaged and lands taken was $11,579. On the verdict returned, the trial court, after overruling a motion for a new trial interposed by the defendants, entered judgment authorizing the petitioner to enter upon and use the lands described in its petition for the purpose mentioned, upon the payment of the compensation on or before the 25th day of April, 1933. From that judgment this appeal is prosecuted.

There was a very sharp conflict in the evidence both as to the value of the lands taken and as to the damages sustained, if any, by the defendants to the lands not taken. Numerous errors are assigned as to the rulings of the trial court upon the admission and exclusion of evidence. Although the rulings were not as accurate nor as close as they might have been, yet after a careful review of the record we are of the opinion that no substantial injury was done the defendants, or any of them, by the rulings of the trial court upon the evidence. None of the witnesses testifying in the case was impeached.

In view of the state of the record it became important that the jury should have been correctly instructed. None

of the instructions are identified by number or letter in the abstract of record, by reason of which we have been needlessly compelled to hunt through pages of the abstract to find the instructions complained of. Instructions should always be identified in the record, as well as in the abstract, by number or letter.

An instruction given at the request of the petitioner involving the question of the view by the jury of the premises sought to be taken, and another instruction on the qualifications and credibility of witnesses, are severally alleged to be erroneous. The instruction as to the qualifications and credibility of the witnesses was proper. The instruction involving the question of the view by the jury of the premises did not accurately state the law of the case and should not have been given. However, if it were not for other error in the record we would not reverse the judgment for the giving of that instruction.

At the request of the petitioner the court gave to the jury the following instruction:

"You are further instructed that if you believe from the entire testimony and from your inspection of the premises, that any witness has willfully magnified or exaggerated the value of the land taken or the damages to the land not taken, on account of his interest in the suit or his prejudice or want of knowledge or experience or truthfulness, then you have the right, and it is your duty, to disregard the evidence of such witness in so far as the same is unjustly magnified or unjustly increased, either as to the value of the land taken or the damages to the property of defendant not taken."

The converse of this instruction, except that it did not contain the word "willfully," was condemned and held erroneous in *Herrin and Southern Railroad Co.* v. *Nolte,* 243 Ill. 594. Practically this same instruction, as well as the converse of it, except that the instruction did not contain the word "willfully," was condemned in *Chicago, Ottawa*

*and Peoria Railway Co.* v. *Rausch,* 245 Ill. 477. The in-struction was again held improper in *Chicago and Western Indiana Railroad Co.* v. *Heidenreich,* 254 Ill. 231.

In the case of *Illinois Power and Light Corp.* v. *Cooper,* 322 Ill. 11, the trial court gave on behalf of the petitioner the following instruction: "You are further instructed that if you believe from the entire testimony and from your inspection of the premises that any witness has knowingly and willfully magnified or exaggerated the value of the land taken, or the damages to the land not taken on ac-count of his interest in the suit, or his prejudice, or want of knowledge, or experience, or truthfulness, then you have the right and it is your duty to disregard the evidence of such witness in so far as the same is believed by you to be so magnified or exaggerated, either as to the value of the land taken or the damages to the property of the de-fendants not taken." This court again condemned the in-struction and held it should not have been given. The con-verse of this instruction, with the exception that it did not contain the word "willfully," given at the request of the petitioner in the case of *Super-Power Co.* v. *Sommers,* 352 Ill. 610, was before this court in that case. It was there held error to give the instruction.

The addition of the word "willfully," as found in the instruction under consideration in the case at bar, does not cure the vice in the instruction. Even if the instruction had contained the words "willfully and knowingly" the in-struction would yet be erroneous. It will be noted that the instruction permits the jury to disregard the testimony of any such witnesses, "in so far as the same is unjustly mag-nified or unjustly increased, either as to the value of the land taken or the damages to the property of defendants not taken." The law is, that even if a witness may have testified willfully and falsely in respect to a matter material to the issues in the case, yet if he is corroborated by other credible evidence or facts and circumstances proved on the

trial the jury are not justified in rejecting his evidence *in toto*. (*Chicago, Ottawa and Peoria Railway Co.* v. *Rausch, supra*.) It is not the law that the entire testimony of a witness may be rejected from consideration by the jury upon the ground that the witness knowingly and willfully exaggerated any circumstance or fact, but only when he has knowingly and willfully sworn falsely to some matter or thing material to the issues. (*Chicago City Railway Co.* v. *Allen*, 169 Ill. 287.) The corrupt motive is the material element under which a witness gives testimony knowing it to be false that authorizes a jury to disregard the testimony of a witness.

It would be a remarkable mind that could differentiate in the testimony of a witness the extent to which the testimony "unjustly magnified or unjustly increased either the value of the land taken or the damages to the property of the defendant not taken;" that could reject such "magnified" and "increased" values and then weigh the remainder of the testimony of the same witness. Under this instruction, instead of taking into consideration the interest of such owners in the result of the case, and with that interest in mind, considering the evidence and giving it such weight as the jury might believe it entitled to, the jury are told it is their duty to disregard the evidence in so far as the value of the property is unjustly magnified or unjustly increased by such evidence. Again, this instruction could apply to only those witnesses who testified on behalf of the owners of the property. It could not possibly apply to the testimony of the witnesses for the petitioner. It is error to single out by instructions the testimony of the witnesses on one side of the case. (*Super-Power Co.* v. *Sommers, supra*.) The giving of such instruction, in view of the record in this case, was reversible error.

The judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*