(No. 24648.—

THE COUNTY OF JACKSON, Appellee, *vs.* ERNEST WAYMAN, Appellant.

*Opinion filed June 21, 1938.*

124

FARTHING, J., dissenting.

FLETCHER LEWIS, for appellant.

CLARENCE E. WRIGHT, State's Attorney, and GLENN O. BROWN, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

The county of Jackson brought suit for the use of the People under the Eminent Domain act to acquire a right of way for the construction of a State-aid road across the farm of Ernest Wayman. Wayman filed a cross-petition seeking damages for injuries to the remainder of his land. The jury returned a verdict for $511 and Wayman has appealed directly to this court under the provisions of section 12 of the act. Ill. Rev. Stat. 1937, chap. 47, par. 12.

The right of way sought to be condemned consists of a 2.38-acre strip cutting across Wayman's one hundred-acre farm leaving nine and one-half acres thereof isolated from the remainder of the farm upon which the buildings are located. This nine and one-half-acre tract is used as a pasture and on it is located a running spring which provides water for Wayman's stock the year round. While there are other springs on the farm, it appears that this is the only one which can be depended upon to furnish an adequate and continuous water supply. After the road is built it will be necessary for Wayman to drive his stock across it to reach the pasture. He will also be required to fence both sides of the road at his own expense, which was estimated at about $363.51 for original cost and $2.38 per year as maintenance. Twenty-five witnesses testified for Wayman that the land to be taken was worth from $75 to

$100 per acre; five witnesses for the county testified that the land was worth from $15 to $40 per acre. The finding of the jury that the land was worth $50 per acre was well within the range of the evidence. Witnesses for Wayman also testified that damages of from $2000 to $3000 would occur to the remainder of the farm, while witnesses for the county placed the damages at the cost of building the fence. The jury awarded $392—a sum equal to the cost of building the fence, with a small additional amount for maintenance.

Wayman contends that the county court committed reversible error by giving instructions numbered four and five. Both instructions are similar, number five stating: "The court instructs the jury that, if they believe from the entire testimony and their inspection of the premises, that any witness has exaggerated, or magnified, the value of land taken, or the damages to the remaining land, on account of his interest in the suit, or his prejudice or want of knowledge, or experience, or truthfulness, it is their duty to disregard the evidence of such witness, in so far as the same is so unjustly magnified." Similar instructions have been before this court in several cases, and our decisions on the propriety of giving them are somewhat confused. In *Kiernan* v. *Chicago, Santa Fe and California Railway Co.* 123 Ill. 188, and *Bradley Manf. Co.* v. *Chicago and Southern Traction Co.* 229 id. 170, instructions almost identical to those challenged here were approved. In *Herrin and Southern Railroad Co.* v. *Nolte,* 243 Ill. 594, a similar instruction which authorized the jury to disregard the testimony of a witness in so far as it unjustly minimized the value of land was held bad, but this court held that it was not reversible error in that case because a more favorable verdict could not have been expected. In *Chicago, Ottawa and Peoria Railway Co.* v. *Rausch,* 245 Ill. 477, an instruction similar to the one given in the *Nolte case, supra,* was offered but, before giving it, the court modified

it to authorize the jury to disregard testimony which either unjustly magnified or minimized the value of land. The modification of the instruction was assigned as error but this court held that "it would not have been error to have refused the instruction offered by the defendants and the modification made it less objectionable." In the course of the opinion the view taken in the *Kiernan case, supra,* was expressly repudiated. We were again called upon to review the propriety of giving instructions of this type in *City of Chicago* v. *Matteson,* 274 Ill. 308, and we there held that it was error to refuse to give an instruction which authorized the jury to disregard testimony which had belittled the value of the land taken. Finally, in *Super-Power Co.* v. *Sommers,* 352 Ill. 610, we held that it was reversible error to give the same instruction. Where the instruction is framed to authorize the jury to disregard both unjust exaggeration and unjust minimization, we believe it is properly given. On the other hand, where it authorizes the jury to disregard part of the testimony of the witnesses on only one side, it is improper and should not be given unless modified. However, we do not believe that an error of this type is sufficient ground, alone, for reversing a judgment, where it appears that the instructions taken as a group inform the jury that it is to weigh all the evidence impartially and afford the property owner just compensation for the land taken and for the resulting damages to property not taken. We believe the instructions in this case, when considered together, instructed the jury sufficiently on this point.

Reversal of the judgment is also sought because of alleged unfair and prejudicial remarks made by counsel for the People in his argument to the jury. Counsel stated: "From my own experience in buying and selling land I believe that land is worth about $60 an acre, but that would be tops." While it must be emphasized that attorneys should always remember that they are officers of the courts and

bound to conduct their cases in conformity with applicable rules of law, the power to compel observance of these rules rests largely in the trial judge. It is only where it appears that the trial judge has abused his discretion in this matter and that the jury has been misled by improper remarks of counsel that we will set aside a verdict on this ground. (*City of Chicago* v. *Chicago Title and Trust Co.* 331 Ill. 322.) We do not believe the jury was misled by the remarks made in the present case.

It is finally urged that the verdict is against the weight of the evidence and that it is apparent that the jury disregarded the testimony of Wayman's witnesses concerning the damages resulting to land not taken. The jury was properly instructed, however, that in assessing damages it should also consider the benefits derived by Wayman from building and maintaining the road in question. It is proper to assume that it found that, aside from the expense of building and maintaining the necessary fences, the benefits to be received offset the damages caused by the road. The evidence on all the issues in this case was conflicting. Under such circumstances, the rule is that the award of a jury in a condemnation case will not be disturbed, on appeal, unless it clearly appears that it was the result of passion, prejudice or palpable error. (*City of Mt. Olive* v. *Braje,* 366 Ill. 132.) No such showing has been made here.

The judgment is affirmed. *Judgment affirmed.*

Mr. Justice Farthing, dissenting:

The improper argument in this case, pointed out in the majority opinion, and the two bad instructions given at the request of the appellee, certainly are reflected in the jury's verdict. Many witnesses for appellant testified to a far greater value than the $50 an acre allowed for land taken.

It is admitted that instructions similar to those complained of here, have been held to be bad. The last case that contained a discussion of such an instruction is *Super-Power*

*Co.* v. *Sommers,* 352 Ill. 610. In that case, the same error was held to be of such gravity that it required a new trial to be granted.

The appellant fully demonstrates here that he was prejudiced by these three errors. For this reason, I am compelled to dissent.