## ALEXANDER KERWIN

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield September 30, 1880.*

JUROR—*competency*—*freeholder.* The fact that a person is not a freeholder does not disqualify him from serving on a jury under the laws of this State, and it is, therefore, no ground of challenge. At the time of the adoption of the constitution of 1870, declaring that the right of trial by jury as theretofore enjoyed shall remain inviolate, and for many years before its adoption, the want of a freehold interest was not a legal exception to a juror.

WRIT OF ERROR to the Criminal Court of Cook county, the Hon. SIDNEY SMITH, Judge, presiding.

Mr. WILLIAM S. BRACKETT, for the plaintiff in error.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

Plaintiff in error was convicted of a felony at the April term, 1880, of the Criminal Court of Cook county, and sentenced to imprisonment in the penitentiary. In selecting the jury upon the trial, after the peremptory challenges of the accused had been exhausted, two jurors were called who were not freeholders nor householders. He challenged each of them for cause, his counsel taking the position that under our law to be a freeholder is a necessary qualification of a juror. His challenges were overruled, and he excepted. This is alleged to be error, and presents the only question in this case.

The line of argument is, that by the common law, jurors are required to be freeholders, and that this was a necessary qualification. That this provision of the common law was in force in the Territory of Illinois, unrepealed by statute, when the first constitution of Illinois was adopted, declaring that the "right of trial by jury shall remain inviolate." We are

then referred to *Ross* v. *Irving*, 14 Ill. 179, to the declaration of this court, that this provision of the constitution of 1818 means that the right of trial by jury shall remain as it was understood to exist at the time of the adoption of that constitution.

This position is followed with the position that the statute of Illinois, now in force, does not abolish the freehold qualification, but, on the contrary, retains it, and that position is attempted to be sustained by reference to the fourth clause in the second section of the act, (Rev. Stat. 1874, ch. 78,) in which the classes of persons from whom jurors shall be selected are described, among other qualifications, as those "free from all legal exceptions," etc., and it is insisted that, inasmuch as the want of a freehold was, at common law, a legal exception to a juror, therefore, it continues to be a legal exception under our statute.

There are some things to be considered, in this connection, not noticed in this line of argument. There can be no doubt that at common law it was an essential qualification of a juror that he should be a freeholder, and that seems to have been the law in the Territory and State of Illinois from its earliest settlement until 1827, but by an act of the General Assembly of this State, prescribing the mode of summoning grand and petit jurors, and defining their qualifications and duties, (Rev. Stat. 1827, p. 251,) it was enacted "that all free white male taxable inhabitants, in any of the counties of this State, being natural born citizens of the United States, or naturalized according to the constitution and laws of the United States and of this State, between the ages of 21 and 60 years, * * * being of sound mind and discretion, and not subject to any bodily infirmity amounting to a disability, shall be considered and deemed as competent jurors (except in case where disabilities may be imposed for the commission of crime) to serve on all grand and petit juries, in and for the bodies of their counties respectively."

This statute continued in force until 1845, when it was re-enacted in the Revised Statutes of that year, (p. 308,) and this law remained in force and unrepealed until the enactment of our present statute of 1874. Rev. Stat. 630. It follows (unless the act of 1827 be held invalid as a violation of the constitution of 1818) that at the time of the adoption of the constitution of 1870, saying that the right of trial by jury as heretofore enjoyed shall remain inviolate, it was not an essential qualification for a juror that he should be a freeholder.

We are not aware that the validity of the statute of 1827 was ever called in question. It was administered by the courts according to its letter, without question, from 1827 until 1874, nearly fifty years. It would seem rather late at this day to raise the question of its constitutionality.

The act of 1827, whether constitutional or unconstitutional, was certainly understood to be the valid law of this State from 1827 continuously down to 1870, when our present constitution was adopted, and the question of its constitutionality seems to be rendered a matter of no importance, by the phraseology of the constitution of 1870, which says the right of trial by jury as heretofore enjoyed shall remain inviolate. Now, that right at that time, in the State of Illinois, had been enjoyed for more than forty years next preceding the adoption of the constitution, and under the statute of 1827, by which a freehold was not a necessary qualification for a juror. There was no change in the law on this subject until the act of 1874, and it was in the light of that condition of the law that the General Assembly in 1874 directed that, in the selection of jurors by the county board, they should select such as were "free from all legal exceptions." At the time of the enactment of that statute the want of a freehold was not a legal exception to a juror.

The position of plaintiff in error, we think, is untenable, and the judgment of the court below must be affirmed.

*Judgment affirmed.*