The St. Louis and O'Fallon Railway Company

*v.*

The Union Trust and Savings Bank.

*Opinion filed April 20, 1904.*

1. APPEALS AND ERRORS—*motions should be preserved by a bill of exceptions.* In order to enable the Supreme Court to pass upon motions made in a cause they must be preserved in the bill of exceptions certified to by the trial court.

. 2. SAME—*in the Supreme Court, party must point out alleged improper evidence.* The Supreme Court will not consider alleged error in admitting evidence where the alleged improper evidence is not pointed out and no reference is made to the page in the abstract where the same may be found.

3. JURORS—*when jurors are properly drawn for condemnation suit.* For a condemnation trial in vacation, jurors are properly drawn under section 6 of the Eminent Domain act instead of under section 8 of the Jurors act.

4. SAME—*when challenge to array comes too late.* A challenge to the array upon the ground that one of the jurors had not been properly served comes too late, when not made until after the jurors have been accepted and sworn.

5. INSTRUCTIONS—*when instruction as to preponderance of evidence is proper.* An instruction is not improper which holds that if the jury believe the evidence of the smaller number of witnesses on one side is more credible and trustworthy than the evidence of the greater number of witnesses on the other side then the evidence preponderates in favor of the former.

6. VERDICT—*when condemnation verdict will stand on appeal.* A condemnation verdict which is within the range of conflicting oral testimony as to value will stand on appeal, where the jury have viewed the premises.

APPEAL from the County Court of St. Clair county; the Hon. J. B. HAY, Judge, presiding.

WALTER S. LOUDEN, and MARTIN D. BAKER, for appellant.

WINKELMANN & BAER, (DILL & WILDERMAN, of counsel,) for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

It is shown upon the docket in this court that this is a suit of the St. Louis and O'Fallon Railway Company against the Union Trust and Savings Bank, when, in fact, it should be the Union Trust and Savings Bank, appellant, against the St. Louis and O'Fallon Railway Company, appellee, and is upon a petition filed in the St. Clair county court on August 31, 1903, in vacation, by the said St. Louis and O'Fallon Railway Company against the Union Trust and Savings Bank and others, to condemn certain lands for yard purposes for the use of the said railway company. Before the beginning of the trial, and also after the introduction of evidence by the parties, motions were made by appellant to dismiss the petition, and the same were overruled. On September 15, 1903, a jury was empaneled and sworn, whereupon appellant challenged the array, and the challenge was overruled. The jury were then taken in charge by an officer and viewed the premises, and on September 18, 1903, returned into court, and evidence being introduced by the parties, a verdict was rendered allowing appellant, as compensation for its land taken and damages to land adjoining and not taken, $13,672.75, from which an appeal is prosecuted by the Union Trust and Savings Bank.

It is first contended by appellant that the overruling of the motions to dismiss the petition of appellee was error. But the bill of exceptions does not show the motions or rulings of the court and exceptions thereto, the motion being copied in the record by the clerk, and we have repeatedly held that in order for this court to pass upon motions made in a cause, they must appear in the bill of exceptions and be certified to by the trial court. Such being the condition of the record with reference to the motions, we are not authorized to pass upon this alleged error.

The next contention is, that the court should have sustained the challenge to the array of jurors, for the

reason that the said jurors were improperly drawn, and it is argued by appellant that the only proper method of drawing jurors is that provided under section 8 of chapter 78 of Hurd's Statutes, which is: "At least twenty days before the first day of any trial term of any of said courts, the clerk of such court shall repair to the office of the county clerk, and in the presence of the county judge and of such county clerk, after the box containing said names has been well shaken by the county clerk and being blindfolded shall without partiality, draw from said box the names of a sufficient number of said persons then residents of said county," etc. This contention would be correct if a trial was to be had in term time, but the record shows that in this case the trial was in vacation, and by a special provision of the statute the selection of jurors in cases tried under the Eminent Domain act, where the petition is filed in vacation, is provided for. Section 6 of chapter 47 of Hurd's Statutes provides: "In cases fixed for hearing of petition in vacation, it shall be the duty of the clerk of the court in whose office the petition is filed, at the time of issuing summons or making publication, to write the names of each of sixty-four disinterested freeholders of the county on sixty-four slips of paper, and, in presence of two disinterested freeholders, cause to be selected from said sixty-four names twelve of said persons to serve as jurors,—such selection to be made by lot and without choice or discrimination; and the said clerk shall thereupon issue venire," etc. The record shows that the jurors were properly drawn, as provided for in the above section 6, in the first place, the clerk having complied with the statute in every respect.

But it is insisted that only eleven of the jurors selected were properly served, and that one of the jury was on the panel irregularly. But nothing was said and no objection made, at the time, to any irregularity, nor until after the jurors were accepted and sworn. The

challenge to the array was then too late.   *St. Louis and Southeastern Railway Co.* v. *Casner*, 72 Ill. 384.

It is next insisted the court erred in giving instructions asked by the petitioner.   Only one of the instructions, however, is pointed out, that being the first, and it is as follows:

"You are instructed that the weight of the testimony does not necessarily depend on the greater number of witnesses sworn on either side of a question in dispute, but you are at liberty, as jurors, to consider all the facts and circumstances appearing from the evidence in the case, and determining from that which of the witnesses are worthy of the greater credit; and if you believe, from the evidence, that the evidence of a small number of witnesses on one side is more credible and trustworthy than the evidence of the greater number on the other side, then the evidence preponderates on the side of the smaller number of witnesses."

We are unable to find any error in this instruction, as we think it, as a whole, properly states the law.

It is next insisted the court admitted improper evidence.   But there is no evidence pointed out or any citation made to the abstract to any improper evidence, and it is not the duty of the court to read the entire abstract through to determine whether there is any improper evidence admitted or not.   It is the duty of the attorney to point out the evidence complained of, and refer the court to the page in the abstract where the same may be found. This not having been done, it is not our duty to consider the objection raised.

It is insisted that the verdict is against the weight of the evidence, and that the judgment is entirely inadequate for the property taken and damages to property not taken.   But we have repeatedly held that the verdict of a jury in a condemnation proceeding will not be disturbed where the premises were viewed by the jury and there is any considerable conflict in the evidence as

to the value. In this case there was a sharp conflict in the evidence upon the question of damages. A jury of freeholders were selected and went upon the premises and viewed the same, and under such circumstances were given many advantages in the ascertainment of the proper damages not possessed by a court of review, and a verdict rendered in such case will not be disturbed.

Finding no reversible error the judgment of the county court of St. Clair county will be affirmed.

*Judgment affirmed.*