---

(No. 15410.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EZEKIEL WILLIAMS, Plaintiff in Error.

*Opinion filed October 20, 1923.*

1. CONSTITUTIONAL LAW—*object of provision that title of an act shall not embrace more than one subject.* The object of the provision of the constitution that the title of an act shall not embrace more than one subject is that the title shall give information of the subject of the legislation and that unrelated matters shall not be included.

2. SAME—*title of Illinois Prohibition act is confined to related subjects.* The Illinois Prohibition act was enacted for the enforcement of the eighteenth amendment to the Federal constitution, and its title legitimately expresses the legislative purpose and does not embrace unrelated matters.

3. PROHIBITION—*Illinois Prohibition act repealed Local Option act.* The Illinois Prohibition act is a revision of the whole subject of liquor legislation and is intended as a substitute for and to repeal, except as to then pending proceedings, all existing laws on the subject, although it contains no express repealing clause.

4. CRIMINAL LAW—*what should appear in affidavit in support of a motion to continue.* An affidavit in support of a motion for a

continuance in a criminal case on the ground of absent witnesses should state some fact giving rise to a reasonable belief that the attendance of the witnesses can be procured at the ensuing term.

5. SAME—*when objection to irregular calling of jury is waived.* A defendant who participates in the selection of the jury and the acceptance of jurors waives the right, after the jury is sworn, the opening statements are made and a witness for the People has been called and sworn, to object that the jury was irregularly called.

6. SAME—*when nolle prosequi may be entered without consent of defendant though jury is sworn.* The rule that a *nolle prosequi* cannot be entered without the consent of the defendant after a jury has been impaneled and sworn does not prevent such entry as to a certain count or counts after a verdict and a motion by the defendant for a new trial.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. A. A. PARTLOW, Judge, presiding.

WILBER H. HICKMAN, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, GEORGE W. BRISTOW, State's Attorney, and GEORGE C. DIXON, for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

An indictment was returned into the circuit court of Edgar county charging the plaintiff in error, Ezekiel Williams, in four counts with selling intoxicating liquor in violation of the statute. He was found guilty by a jury on all the counts. Upon his motion for a new trial a *nolle prosequi* was entered as to the fourth count, and the motion was overruled. He was sentenced to confinement in jail 150 days and to pay a fine of $500 on the first count and to pay a fine of $100 and costs on each of the second and third counts. He sued out a writ of error from this court on the ground that he was deprived of rights secured to him by the constitution by being prosecuted and convicted under a void statute.

The question of the validity of the statute was raised by a motion to quash the indictment, and one objection presented in argument going to the validity of the whole act is that the title embraces more than one subject. The title is, "An act to restrict the manufacture, sale, transportation, possession and use of intoxicating liquor, aiding thereby in establishing uniformity in State and Federal laws in regard thereto." The object of the constitutional provision that the title of an act shall not embrace more than one subject is that the title shall give information of the subject of legislation and that unrelated matters shall not be included. (*People* v. *McBride,* 234 Ill. 146; *People* v. *Nellis,* 249 id. 12; *People* v. *Horan,* 293 id. 314.) The argument is that the subject of aiding in establishing uniformity in State and Federal laws in regard to prohibition is another and different subject from regulation of the liquor traffic and is not related thereto. The eighteenth amendment of the Federal constitution prohibits the manufacture, sale or transportation of intoxicating liquor for beverage purposes and provides that Congress and the several States shall have concurrent power to enforce the article by appropriate legislation. The statute was enacted for the enforcement of the amendment, and it legitimately expresses the legislative purpose in accordance with the provision of the Federal constitution. It is not an unrelated matter but expresses the object of the legislation and does not violate the rule.

It is further contended that the act is void because of provisions contained in various sections, none of which concerned or affected the defendant in any manner unless their inclusion in the act, if void, would render the whole act void, and that is not the case. It is alleged that the sections attempt to delegate to the Attorney General and a prohibition commissioner, if there should be one, legislative and judicial powers; that search and seizure are authorized, in violation of constitutional rights; and that one is not per-

mitted to accumulate and retain a certain kind of property, contrary to natural right. If any provision referred to is invalid it would be without legal effect, but none of them would affect the validity of the statute as a whole unless so blended with and made a part of the remainder that the legislature would not have passed the statute without such provisions. (*Sheldon* v. *Hoyne,* 261 Ill. 222; *Joel* v. *Bennett,* 276 id. 537.) The provisions referred to could be separated from the rest of the act and leave a complete and valid prohibition against the sale of intoxicating liquor, with which the defendant was charged. The questions sought to be raised will not be considered, and the court did not err in overruling the motion to quash the indictment.

Counsel says that the Prohibition act does not repeal any part of the Local Option act of 1907; that different penalties are fixed by the two acts for the same offense, and that plaintiff in error is liable to prosecution under the Local Option act for the same sales of liquor. The Prohibition act is a revision of the whole subject under the amendment of the Federal constitution and was intended as a substitute for the existing law on that subject. It operated as a repeal except as to pending proceedings, although it contained no express repealing clause. *Board of Trustees* v. *City of Chicago,* 14 Ill. 334; *Culver* v. *Third Nat. Bank,* 64 id. 528; *Devine* v. *Board of Comrs.* 84 id. 590; *People* v. *Nelson,* 156 id. 364; *People* v. *Board of Education,* 166 id. 388; *People* v. *Town of Thornton,* 186 id. 162; *State Board of Health* v. *Ross,* 191 id. 87.

The defendant made a motion for a continuance, supported by his affidavit that two persons named therein were residents of Clinton, Indiana; that a subpœna had been issued for each of them, and that they could and would appear to testify at the June term. The abstract of the affidavit does not state any fact showing reasonable ground to believe that the attendance of the witnesses could be procured at the June term so that the court could see that the

belief was reasonable, and the affidavit was insufficient. *Eu-banks* v. *People*, 41 Ill. 486; *Wilhelm* v. *People*, 72 id. 468.

Counsel says that on a motion for a bill of particulars a bill was filed showing that the People would rely on the dates fixed in the indictment and the bill was lost and a motion made to restore it. The question is of no importance whatever, because the counsel was informed that the People would rely upon the dates named in the indictment, and the only evidence related to those dates.

A jury of the regular panel was out when this case was called for trial, and four jurors of that panel having been accepted by both sides the original panel was exhausted. The court ordered a venire for thirty jurors, and in the meantime directed the bailiff to call jurors from the by-standers to fill the panel. The jurors so called were examined, accepted, selected and sworn, and after the opening statements had been made on both sides and a witness for the People was on the stand and sworn, the counsel for the defendant objected going to trial before that jury because it had been irregularly called. If there had been any merit in the motion it came too late after participating in the selection of the jury and accepting the jurors.

The facts as testified to by the witnesses for the People are as follows: Cecil See and Remus Cameron went to the hotel of the defendant, in Paris, and went into a restaurant and from there through a hall into a small room on the east side of the hotel. There they found the defendant and Omer Rhoads. Cameron asked the defendant if they could get a drink of white mule, and he said they could, and went to a cabinet and produced a bottle and poured out a drink of colorless intoxicating liquor for each. They asked the defendant if they could get a half-pint each. The defendant went out and came back with a bottle from which he filled two pop bottles. The charge for each pop bottle of liquor was $1.25. Cameron paid one dollar and See asked the defendant if he would accept a check, but he said

it did not look very well for him to accept the check. See proposed to give the check to Rhoads, and the defendant said that would be all right. See made out a check for two dollars for Rhoads and he indorsed it to Williams, who collected it. The bottles of liquor were delivered to a police officer and were in evidence at the trial. The defendant testified that he was not at his hotel on July 22 but was in Montezuma, Indiana, where he went on July 20 and returned on July 22, reaching Paris about 6:30 in the evening, and he denied that he sold any intoxicating liquor to See or Cameron. Two witnesses testified in behalf of the defendant that he was at Montezuma on July 22 and left the camp at that place in the afternoon, probably about three o'clock. The jury did not believe the testimony of the defendant or the evidence of an alibi, and we see no reason to disagree with the jury.

On a motion for a new trial the State's attorney entered a *nolle prosequi* to the fourth count, which was not supported by any evidence, and it is contended that this could not be done. The rule that a *nolle prosequi* cannot be entered without the consent of the defendant after a jury has been impaneled and sworn, because the defendant has the right to a verdict which will be a bar to another prosecution, does not prevent such entry as to a certain count or counts after a verdict and a motion by the defendant for a new trial. (*People* v. *Brown,* 273 Ill. 169.) The defendant asking for a new trial was not injured but benefited by the *nolle prosequi.*

There was a motion in arrest of judgment after sentence and the entry of judgment, and it came too late. (*Perry* v. *People,* 14 Ill. 496.) No reason is given for it.

There is no other error alleged or argued which is worthy of attention, and the judgment is affirmed.

*Judgment affirmed.*