McNICHOL v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1925.)

No. 4381.

1. Jury ⬤116 — When jurors accepted are qualified, challenge to array properly overruled.

Challenge to array on ground that jurors had served previously *held* properly overruled, where jurors who had served were peremptorily challenged, and jurors finally accepted, without use of all peremptory challenges by accused were fully qualified.

2. Jury ⬤110(15)—Irregularity in manner jurors selected held immaterial.

Where counsel for defendant refused to state in what respect jurors were not selected as provided by statute, and on overruling of objection stated, he was content to have it overruled, *held*, that any irregularity was immaterial.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

James McNichol was convicted of violation of Harrison Anti-Narcotic Act, and he brings error. Affirmed.

Wm. R. Harrison, of Memphis, Tenn., for plaintiff in error.

W. H. Fisher, Asst. U. S. Atty., of Memphis, Tenn. (S. E. Murray, U. S. Atty., and A. A. Hornsby, Asst. U. S. Atty., both of Memphis, Tenn., on the brief), for the United States.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge. The plaintiff in error was convicted and sentenced upon an indictment containing six counts, each count charging a separate violation of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q).

Counsel for plaintiff in error rely solely on the eleventh assignment of error in reference to the impaneling of the jury. During the impaneling of the jury, and after the district attorney had stated that the 12 men then in the jury box were satisfactory to the government, counsel for defendant challenged the array, upon the ground that "at least seven of the jurors have been serving from year to year and from term to term in this court, and that the jury was not drawn from the body of the district, but from men who have been coming here as jurors from year to year."

Upon the examination of the jurors on their voir dire, it appeared that a large number of them had never served as jurors in any court before this term, that others had not before this term served as jurors in the federal court, and that some had served as jurors about two years preceding this trial. The challenge to the array was overruled, whereupon the plaintiff peremptorily challenged certain of the jurors who had been jurors in the fall of 1922 and spring of 1923. Two of the jurors peremptorily challenged by the plaintiff in error were jurors at the 1921–22 term when the happening known as the "Mahanna incident" occurred. See Boyles v. U. S. (C. C. A.) 295 F. 126. This removed from the panel all jurors who had any connection with the "Mahanna incident," or had recently served as jurors in the United States District Court. Additional veniremen were called and accepted, without the defendant exercising his four remaining peremptory challenges.

[1, 2] In the opinion of this court the challenge to the array was properly overruled. The jury finally accepted to try this cause were not only qualified jurors, but wholly free from any possible connection with the "Mahanna incident." This court is also of the opinion that no irregularity is shown by the testimony of the clerk of the court in

reference to the manner and method of selecting names to be placed in the jury box. This question, however, would not seem to be of serious importance, in view of the fact that before this witness was called counsel for defendant refused to state in what respect he claimed the jurors were not selected as provided by the statute, and when the court overruled his challenge upon this ground stated in open court, "I think your honor is correct in the statement, and therefore content to have your honor overrule it as to cause," although, after the witness testified, an exception was noted.

For the reason stated, the judgment of the District Court is affirmed.