**UNITED STATES v. 191.25 ACRES OF LAND, MORE OR LESS, SITUATE IN OZARK COUNTY, MO., et al.**

No. 897.

United States District Court
W. D. Missouri, S. D.

Sept. 23, 1949.

Sam M. Wear, U. S. Atty., Earl A. Griems, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

J. Lewis Wyatt, Springfield, Mo., for defendant Mitchell.

REEVES, Chief Judge.

This is a proceeding instituted by the Government to acquire land conformable to Section 591, Title 33 U.S.C.A. It is there provided that: "The Secretary of War may cause proceedings to be instituted, in the name of the United States, in any court having jurisdiction of such proceedings, for the acquirement by condemnation of any land, right of way, or material *needed* (Emphasis mine) to enable him to maintain, operate or prosecute works for the improvement of rivers and harbors for which provision has been made by law".

In compliance with this provision of the law the government is appropriating for the purposes defined in the statute a tract of land belonging to the movant, codefendant, Ewing Y. Mitchell.

In the answer of this property owner the need of the government for a part of the land is challenged by the following averment: "That of said tract of land, No. R–1706, as this defendant is informed, about 145.25 acres is necessary adequate for use in the construction of said dam and reservoir, and that *46 acres, more or less, thereof, is not necessary for said purposes, should not be condemned herein and the fee simple title thereto should remain in this defendant."* (Emphasis mine.)

This is followed by a prayer for other relief including a decree in favor of said defendant that the tract of 46 acres should be permitted to remain as his property.

The plaintiff has filed a motion to strike out said averment upon the ground that under the law such an averment does not constitute a defense to the exercise of eminent domain relating to the particular property claimed by the defendant as not "needed" for the purposes mentioned.

The courts have construed the statute and in doing so have held that: " * * * the power to decide whether such a title was needed is, by the legislation, conferred upon the Secretary and, in the absence of bad faith or abuse of discretion, such determination is not subject to judicial review. * * * Determination of the extent, amount or title of property to be taken, by an Administrative Department, is, in the absence of bad faith, final. * * * The decision as to such questions rests wholly in legislative discretion, subject only to the restraints that just compensation must be paid and the determination made in good faith." United States v. Meyer, 7 Cir., 113 F.2d 387, loc. cit. 392.

The case mentioned contains numerous citations in support of the principle or rule announced. The good faith of the Secretary is not challenged by the answer, nor is it suggested that there is or was an abuse of discretion. In the absence of such averments, the determination of the Secretary is conclusive and no issue can be made or tried on the question of the need for this land.

Under such circumstances the motion is well taken and should be sustained. However, the defendant will be accorded the privilege of amending his answer so as to challenge the sound discretion and good faith of the Secretary, if, in his judgment, there has been an abuse of discretion or lack of good faith.