320

UNITED STATES v. 1,278.83 ACRES OF LAND, MORE OR LESS, IN MECKLENBURG COUNTY, VA. et al.

Misc. No. 1924.

United States District Court
E. D. Virginia, Richmond Division.

March 12, 1952.

Harris Grimsley, Special Asst. to the U. S. Atty., Richmond, Va., A. Carter Whitehead, U. S. Atty., Richmond, Va., for petitioner.

James S. Easley, South Boston, Va., for defendants.

BRYAN, District Judge.

Two defendants in this condemnation action have .propounded, under Rule 33, Fed. Rules Civ.Proc., 28 U.S.C.A., to the United States the following interrogatories:

"1. Is the entire farm of 275 acres being condemned in this proceeding necessary for the construction or maintenance of the Buggs Island dam?

"2. The reasons which make the aforesaid farm necessary for the purposes stated in Interrogatory No. 1.

"3. What agent or department of the United States Government determined the necessity for the taking of the entire farm and particularly the portion lying above the 325-foot contour level in this cause?

"4. When was the decision referred to in Interrogatory No. 3 actually made by such agent or department?"

The United States has requested the Court to reconsider its decision requiring answers to the interrogatories. A statement of what issues, aside from valuation, are justiciable in a condemnation case may be helpful.

■ Whether or not the purpose for which the property is taken is public is a judicial question. Rindge v. Los Angeles County, 262 U.S. 700, 43 S.Ct. 689, 67 L. Ed. 1186. I do not read U. S. ex rel. Tennessee Val. Authority v. Welch as altering this doctrine of the Supreme Court. 327 U.S. 546, 552, 556, 557, 66 S.Ct. 715, 90 L.Ed. 843; U. S. v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209. If the purpose is a public use, then the courts cannot inquire into the need, expediency or advisability of undertaking the project —that is, they cannot question the necessity for pursuing the use. U. S. ex rel. Tennessee Val. Authority v. Welch, 4 Cir., 150 F.2d 613, 616, reversed on other

grounds 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843.

 Furthermore, whether defined legislatively or administratively, the extent of the take is of judicial cognizance to the extent that it may be questioned as arbirary or capricious. It follows that a landowner must be heard on whether there is some basis for including his land. Of, course, the action of the legislative branch of government alone weighs heavily in favor of the area sought, and the decision of an administrative officer itself likewise demands deference, but neither is so absolute and final as to bar even the effort of the proprietor to demonstrate the choice to be capricious or arbitary. Rarely will the selection be overturned but that very fact concedes the existence of the right. Improbability of success is not the measure of the right. U. S. v. State of N. Y., 2 Cir., 160 F.2d 479, 480; U. S. v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209. The immediate implication of the last-cited decision is that while the legislative or administrative ascertainment of what property should be taken is not reviewable "on its merits"—that is, the sufficiency of the reasons for the decision—it may still be attacked to expose the want of any reason. See, too, U. S. v. Meyer, 7 Cir., 113 F.2d 387, 392, certiorari denied 311 U.S. 706, 61 S.Ct. 174, 85 L.Ed. 459; U. S. v. Certain Parcels of Land in Town of Denton, etc., D.C.Md., 30 F.Supp. 372, 379 opinion by Judge Chesnut; Carmack v. U. S., 8 Cir., 135 F.2d 196, 200, first opinion, and 8 Cir., 151 F.2d 881, second opinion, reversed on other grounds 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209, supra; U. S. v. 4450.72 Acres of Land, D.C., 27 F.Supp. 167, 175 affirmed 125 F.2d 636; U. S. v. 40.75 Acres, D.C., 76 F.Supp. 239, 249.

If the condemnee has the right to debate the take in any respect, he has the right to be informed of the facts in that particular. Instantly, the property owner merely asks if his entire farm is necessary, and if so, why. This is not to doubt the wisdom of the project—the necessity

for the condemnation—but only to inquire the reason for expropriating all of his farm. Presumably there is a reason. I do not find answer to condemnee's question in either the pertinent Acts of Congress or the pleadings, as the Government suggests. I would not expect to do so; neither would ordinarily so particularize. But if they are there, the Government can the more readily reveal them in replying to the interrogatories. Incidentally, both the petition for condemnation and the declaration of taking aver that the Secretary of the Army chose the lands. As the Government's brief says Congress did so, answer to interrogatory 3 becomes quite relevant. The 4th interrogatory obviously touches the issue of valuation and clearly should be answered.

I adhere to my original views and direct that all of the interrogatories be answered.