"Plaintiff is the owner of 883.89 acres of land and alleges that from 1948 to the present time the government has continued to obtain through negotiation and condemnation, successive one-year leases. In the government’s last action for condemnation which was filed in the United States District Court for the Western District of Arkansas in 1974, plaintiff filed a counterclaim on the grounds that the government had taken a fee interest in its property and that it is entitled to just compensation therefor pursuant to the Fifth Amendment.
"Upon defendant’s plea that the Court of Claims has sole jurisdiction of the cause of action alleged in the counterclaim, the District Court transferred the case to this court, pursuant to 28 U.S.C. § 1406.
"The case now comes before this court on Plaintiffs Motion for Summary Judgment and on Defendant’s Cross-Motion for Summary Judgment.
"After considering the motions and briefs of the parties and after hearing oral argument, the court finds that plaintiff expects to amend its petition by alleging:
"1. That the government was guilty of bad faith or abused its discretion in determining the extent of the estate in plaintiffs lands that should be taken, the government having intended at all times to retain the land permanently for the use of Fort Chaffee; and
"2. That as a result of the heavy contamination of plaintiffs land by irremovable unexploded artillery shells *1046 thereon, the government has destroyed the value of the land for its highest and best use and has in fact appropriated the land for itself.
"The court concludes that such proposed amendments, together with the documentary evidence attached to plaintiffs motion raise material issues of fact which cannot be decided on motions for summary judgment. See the court’s order issued December 20, 1974 in Southern California Financial Corp. v. United States, No. 79-74; United States v. 64.88 acres in Alleghany County, 244 F.2d 534 (3rd Cir. 1957); Simmonds v. United States, 199 F.2d 305 (9th Cir. 1952); United States v. Meyer, 113 F.2d 387 (7th Cir. 1940); Castro v. United States, 205 Ct. Cl. 534, 500 F.2d 436 (1974); Drakes Bay Land Co. v. United States, 191 Ct. Cl. 389, 424 F.2d 574 (1970); and Eyherabide v. United States, 170 Ct. Cl. 598, 345 F.2d 565 (1965).
"Defendant’s argument that plaintiffs proposed claims of bad faith or abuse of discretion are cognizable only in the United States District Court are hereby rejected on the ground that the plaintiffs claim was transferred to this court on motion of the United States; that the order was never appealed from and is now final, and that it is the law of the case.
"it is therefore ordered that the parties’ cross-motions for summary judgment are denied; that plaintiff shall have 30 days from this date for amending its petition in the respects stated above, and that the case is hereby remanded to the Trial Division for trial or other disposition of all issues raised by plaintiffs amended petition and defendant’s answer thereto.”